In re **WORLD FINANCIAL SERVICES CENTER, INC.,** a California corporation, dba World Financial Systems, Bargain Furniture and Bargain Furnishings, Appliances & Electronics, Debtor(s).

**SANYO ELECTRIC, INC.,** Appellant(s),

v.

**Harold S. TAXEL,** Trustee, Appellee(s).

BAP No. SC 87–1125–AsJV.
Bankruptcy No. 84–04452–H7.
Adv. No. C86–0688–H7.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted July 22, 1987.

Decided Sept. 16, 1987.

**240**

Lee G. Werner, Werner & Guziak, Orange, Cal., for appellants.

Paul S. Avilla, Sheppard, Mullin, Richter & Hampton, San Diego, Cal., for appellees.

Before ASHLAND, JONES and VOLINN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge.

Sanyo Electric, Inc. appeals from an order of the bankruptcy court granting summary judgment for recovery of a preference. 11 U.S.C. § 547. We affirm.

## FACTS

On October 9, 1984 the debtor World Financial Services Center, Inc. filed a Chapter 11 petition. It is undisputed that within 90 days before filing its petition, the debtor paid Sanyo Electric, Inc. $18,347.82. The trustee Harold S. Taxel commenced an adversary proceeding to avoid preference and for turnover of property on August 25, 1986. On November 26, 1986 the trustee filed a motion for summary judgment. On January 27, 1987 the bankruptcy court granted the trustee's motion and Sanyo appealed.

## ISSUES

Whether the bankruptcy court erred in finding that there were no genuine issues of fact in dispute and, as a matter of law, the transfer to Sanyo could be avoided as a preference. Fed.R.Civ.P. 56(a) and 11 U.S.C. § 547.

## DISCUSSION

The granting of a motion for summary judgment is reviewed de novo. *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986). The appellate court must determine whether the lower court correctly applied the relevant substantive law, viewing the evidence in a light most favorable to the non-moving party. *Lew v. Kona Hospital,* 754 F.2d 1420, 1423 (9th Cir.1985).

Sanyo argues that there were several factual issues in dispute, namely whether the debtor was insolvent at the time of the transfer (11 U.S.C. § 547(b)(3)); whether Sanyo received more than it would have received in a Chapter 7 (11 U.S.C. § 547(b)(5)); and whether the payment to the debtor was not avoidable as a "contemporaneous exchange" (11 U.S.C. § 547(c)(1)).

## I.

Sanyo incorrectly asserts that the trustee has the burden to establish that, for the purpose of a preference, the transfer was made while the debtor was insolvent. Section 547(f) of the Bankruptcy Code creates a presumption of insolvency on and during the 90 days immediately preceding the date of the filing of the petition. A creditor, wishing to overcome the presumption of insolvency, must provide the court with "evidence sufficient to cast into doubt the statutory presumption of insolvency, i.e., that the debtor's assets exceeded its liabilities." *In re Emerald Oil Co.*, 695 F.2d 833, 838 (5th Cir.1983).

Under this evidence requirement, the mere assertion that the debtor is solvent will not suffice. *In re Candor*, 68 B.R. 588 (Bkrtcy.S.D.N.Y.1986), reviews many cases with even greater amounts of evidence which have been found insufficient. Types of insufficient evidence include a showing that debtor is current on its bills, a five month old purchase statement, and an inaccurate operations report. *Candor* at 592–93. The court found unaudited and pre-transfer financial statements did not rebut the presumption in *Candor*. *Candor* at 593–94.

*In re Vasu Fabrics, Inc.*, 39 B.R. 513 (Bkrtcy.S.D.N.Y.1984), denied a trustee's summary judgment motion so more discovery could occur on the issue of insolvency. However, the court stated that "mere speculation that the schedules may not be accurate would be insufficient to rebut the statutory presumption at trial.... [U]nless [defendant] comes forward with evidence sufficient [to rebut or meet the presumption] the court will be bound to rule in the trustee's favor on this issues." *Vasu* at 516. *In re Dempster*, 59 B.R. 453 (Bkrtcy.M.D.Ga.1984), granted the trustee's summary judgment motion on insolvency. The debtor presented this evidence: a financial statement which pre-dated the petition date by 18 months, a bank account with positive cash flow, and ongoing business ventures. *Dempster* at 457.

Here, the only evidence available on the debtor's solvency is the declaration by Sanyo's credit manager Don Ducommum stating that, in his opinion, the debtor was solvent at the time of the transfer. This is similar to the evidence presented in *Emerald Oil, supra*, where the creditor's witness, a certified public accountant, criticized the trustee's accounting. The court found that a creditor's speculation on the debtor's solvency was not enough evidence to overcome the presumption of insolvency. *Emerald Oil* at 837–39. Similarly here we find that the evidence presented is inadequate to rebut the presumption and find that the bankruptcy court did not err in granting summary judgment on this issue.

## II

*In re Wadsworth*, 711 F.2d 122 (9th Cir.1983), held that when a payment, made within the preference period, was applied to an existing obligation it is not a "contemporaneous exchange" pursuant to § 547(c)(1). This is so regardless of whether the creditor extended value when the payment was tendered by the debtor. "The critical inquiry in determining whether there has been a contemporaneous exchange for new value is whether the parties intended such an exchange." *Wadsworth* at 124. Here, there is no disagreement that the parties intended the payment in satisfaction of an installment on the promissory note to Sanyo. The promissory note was in the amount of $110,086.93, to be paid in six installment payments of $18,347.82, for debts already owed to Sanyo. (*See*, Record at p. 4, ¶ 9, and Record at p. 13, ¶ 5.) Therefore, the court could properly grant summary judgment that § 547(c)(1) did not bar avoidance of an otherwise avoidable preference.

## III

The crucial focus here is whether, as a matter of law, Sanyo received more in the transfer than it would have received in a Chapter 7 distribution. If Sanyo is a fully secured creditor the transfer to it would not be preferential because, in a Chapter 7, Sanyo would be entitled to full satisfaction out of the proceeds of its collateral. However, if Sanyo is an unsecured

creditor, so long as the distribution in a Chapter 7 is anything less than one hundred percent, the transfer is more than Sanyo would have received but for the prepetition transfer. *Palmer Clay Products Co. v. Brown*, 297 U.S. 227, 229, 56 S.Ct. 450, 450, 80 L.Ed. 655 (1936), and *In re Lewis W. Shurtleff, Inc.*, 778 F.2d 1416 (9th Cir.1985). (The trustee's declaration states that the unsecured creditors in this case will receive little or no payment on their claims. Record at p. 51, ¶ 6.)

Sanyo produces as evidence of its secured status a security agreement and financing statement, both naming "Margaret Howe dba Bargain Furn/World Finance" as the debtor. (*See*, Record pp. 107–113.) The trustee argues that because the security agreement does not refer to "World Financial Services Center, Inc.", Sanyo does not have a secured interest in property of the debtor. In the alternative, the trustee argues that even if the instrument was sufficient to create a security interest in Sanyo, the security agreement was not properly perfected and is therefore avoidable pursuant to 11 U.S.C. § 544.

The California Commercial Code § 9402(1) states the requirements for a valid UCC–1 filing. They include the following: names of both the debtor and the secured party, assignment by the debtor, the address of both the secured party and the debtor, and a list of the collateral. *In re Softalk Pub. Co., Inc.*, 64 B.R. 523 (9th Cir. BAP 1986), supports liberal interpretation of these requirements when the "errors are both minor and are not seriously misleading." *Softalk* at 525. The error falls into this category if a person undertaking a reasonable search would find the UCC–1. *See, In re McCauley's Reprographics, Inc.*, 638 F.2d 117 (9th Cir.1981).

Although courts liberally interpret these requirements, Sanyo has not met the minimum requirements. The name of the debtor is listed as "Margaret Howe dba Bargain Furn/World Finance." The true name of the debtor is "World Financial Services Center, Inc." Throughout the document the correct name is only mentioned once near the end of the document. Additional-

ly, Margaret Howe has signed as president in several places and the word "individually" appears next to her name in two places. The address which appears by her name seems to be a "unit" type, such as an individual's apartment. These facts are sufficient to justify the bankruptcy court's conclusion that the financing statement did not properly perfect Sanyo's security interest.

Therefore, we affirm.