**In re Roger HOGGARTH and Diane Hoggarth, d/b/a Hoggarth Land and Cattle Company, Debtors.**

**Wayne DREWES, Trustee for the Estate of Roger Hoggarth and Diane Hoggarth, d/b/a Hoggarth Land and Cattle Company, Plaintiff,**

v.

**JAMESTOWN IMPLEMENT, INC., Defendant.**

**Bankruptcy No. 82–05084.**
**Adv. No. 87–7085.**

United States Bankruptcy Court,
D. North Dakota.

Oct. 16, 1987.

Lowell Bottrell, Fargo, N.D., for plaintiff.

John Greenwood, Jamestown, N.D., for defendant.

ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court are cross motions for summary judgment. On September 23, 1987 the defendant, Jamestown Implement, filed its motion alleging there to be no issue as to any material fact and on October 5, 1987 the trustee, also conceding no issue remaining as to any material fact, prayed for summary judgment in his favor. This is a section 547 preference action commenced by the trustee on July 10, 1987. The Debtors filed a Chapter 11 petition on February 16, 1982 and obtained a confirmed plan, only to later convert the case to a Chapter 7 on October 16, 1986. The several alleged preferential transfers occurred on April 22, 1986 and July 22, 1986, while the Debtors were operating under the provisions of a confirmed plan, but before conversion to Chapter 7. The trustee, arguing that the ninety day preference period should be measured from the day of conversion, points to facts which he be-

lieves establish all elements of a preferential transfer. Jamestown Implement, on the other hand, believes the ninety day preference period should be counted back from the original Chapter 11 filing date. Moreover, according to Jamestown Implement's view of the facts, regardless of when the ninety day period began, all transfers were contemporary exchanges for new value and were made in the ordinary course of business.

Summary judgment is available where all the pleadings or other documents on file show there to exist no genuine issue as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Mandel v. United States,* 719 F.2d 963, 965 (8th Cir.1983); *United States v. Porter,* 581 F.2d 698, 703 (8th Cir.1978). The burden is on the movant to establish the lack of an issue of material fact. *Id.* When considering motions for summary judgment, the facts must be viewed in a light most favorable to the party opposing the motion, and courts must afford that party the benefit of all inferences that may be derived from the facts contained in the pleadings, depositions and affidavits. *Portis v. Folk Construction Co., Inc.,* 694 F.2d 520, 522 (8th Cir.1982); *St. Louis County Bank v. United States,* 674 F.2d 1207 (8th Cir.1982); *Vette Co. v. Aetna Cas. & Sur. Co.,* 612 F.2d 1076 (8th Cir.1980).

In actions based on section 547 the trustee must, by a fair preponderance of the evidence, establish all five of the following elements;

1. A transfer of the debtor's property;
2. Made within ninety days before the date of petition filing;
3. Made to or for the benefit of the creditor;
4. On account of an antecedent debt;
5. While the debtor was insolvent;
6. Which enabled the creditor to receive more than it would have received if the transfer had not been made.

In their respective briefs in support of summary judgment the parties discuss in great detail the effect of post-confirmation conversion on a Chapter 7 trustee's ability to maintain a section 547 action. Little discussion is offered on the other elements of proof. The threshold legal issue and the one which is potentially dispositive of the trustee's cause of action is the meaning of the term "date of filing" as set out in section 547(b)(4)(A). Jamestown Implement, relying on section 348, argues that post-confirmation conversion of a Chapter 11 case to a Chapter 7 case does not change the date of filing for purposes of a section 547 preference action and that the trustee's avoiding powers must commence on the date of the original petition which in this case was long before the occurrence of the transfers complained of and thus would put the transfers outside of his grasp. The trustee, relying on the cases of *In re Lindberg,* 735 F.2d 1087 (8th Cir.1984) and *In re Tracy,* 28 B.R. 189 (Bankr.D.Me.1983) argues that upon conversion all the Debtors' property vests in the trustee including that acquired post-confirmation and if the corpus of the Chapter 7 estate is to be complete, the ninety day preference period must run from the date of conversion. If the Chapter 7 estate is to be complete and all creditors accorded equal treatment in the Chapter 7 distribution, the trustee believes he should be able to bring into the estate any post-confirmation transfers made to post-confirmation creditors.

Section 348 provides that except as set in subsections (b) and (c), conversion of a case from one chapter to another does not affect a change in the date of filing of the petition, the commencement of the case or order for relief. On its face section 348 would certainly seem to suggest that the date of filing for all purposes under the Code remains fixed at the original Chapter 11 filing date. The Eighth Circuit in *Lindberg* did not choose to follow such a strict interpretation, noting that other Bankruptcy Code sections create a tension if not a conflict with section 348. 735 F.2d at 1089. The Eighth Circuit has also noted the interplay between creditor dischargeability actions commenced under section 523 and section 348. In *F & M Marquette Nat.*

*Bank v. Richards,* 780 F.2d 24 (8th Cir. 1985) the debtor argued that a conversion from Chapter 11 to Chapter 7 should not affect a change in the sixty day period following an order for relief during which a creditor may bring a section 523 action. Although the court held that a Chapter 7 conversion establishes a new order for relief, it went on to say that the debtor's view of section 348 was self serving as its effect would be to accord creditors only one opportunity to file dischargeability complaints which would foster a fraud where creditors, relying upon a proposed plan treatment, do not advance a 523 claim in the Chapter 11, only to find upon conversion to a Chapter 7 that it is too late and their debt is wholly discharged. What is suggested by the *Lindberg* and *Richards* cases is that section 348 should not be applied in a way which clearly emasculates the manner in which Congress intended Chapter 7's to operate. This court believes such a conflict exists between section 348 and section 547. When a case is converted to a Chapter 7 the trustee inherits certain rights and these rights ought to be no different in situations of conversion than what they would be in a case initially commenced under Chapter 7. These rights include the ability to avoid certain transfers in order that distribution in the Chapter 7 estate be as equitable as possible as between the creditors. The fact that the estate had formerly been administered under a confirmed plan affects only those creditors, assets, and property distributions which were the subject of the confirmed plan. A conversion to Chapter 7 does not undo what was by court order achieved by the Chapter 11 confirmation and any payments made under the auspices of a confirmed plan cannot be avoided. *Matter of Ford,* 61 B.R. 913 (Bankr.W.D. Wisc.1986). However, the fact of plan confirmation does not leave property unadministered by the plan outside of the trustee's administrative powers nor should it render immune from avoidance action, transfers to post-confirmation creditors of post-confirmation property. To so hold, would severely deplete the Chapter 7 estate and encourage favoritism of the grossest kind. Section 348 cannot be construed to foster such

a result. Accordingly, this court holds that the preference period under section 547 commences on the date of conversion as against any post-confirmation transfers of non-plan property to non-plan creditors.

This determination is not, however, conclusive of the fact that a preference occurred because the ninety day period is merely a presumption of insolvency subject to being rebutted by the transferee. Additionally, whether the transfer enabled Jamestown Implement to receive more than it would have in a Chapter 7—the "improvement of position" test, remains a question of fact as do the several defenses raised under section 547(c).

In view of the issues of fact remaining, the court believes the case is not ripe for summary judgment and accordingly denies Jamestown Implement, Inc.'s motion for summary judgment as well as the trustee's cross motion for summary judgment.

SO ORDERED.