In The Matter of Henry L. MELTZER dba K–M Planners and Designers, Inc., Debtor.

Martin W. HOFFMAN, Trustee, Plaintiff,

v.

Charles W. CHEEK, Trustee U/W of H. Smith Richardson, Defendant.

Bankruptcy No. 2–84–00341.
Adv. No. 2–87–0063.

United States Bankruptcy Court, D. Connecticut.

March 18, 1988.

Martin W. Hoffman, Hartford, Conn., for plaintiff-trustee.

Ira H. Goldman, and Leah Cohen Chatinover, Shipman & Goodwin, Hartford, Conn., for defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The question presented here is whether a trustee in a converted chapter 7 case can attack as a fraudulent transfer a mortgage foreclosure that occurred, after the granting of a relief from stay, during the preceding chapter 11 case. This issue is raised by the defendant's motion for summary judgment filed pursuant to Bankr.R. 7056. The following statement of material facts is undisputed.

### II.

Charles W. Cheek, the foreclosing mortgagee and defendant in this proceeding, had brought a mortgage foreclosure action against Henry L. Meltzer, the debtor, on May 13, 1983. The mortgage covered 659.8 acres of unimproved land located within the towns of Norfolk and Winchester, Connecticut. The state court, on August 8, 1983, set the debtor's law day for May 7, 1984. On that date the debtor filed a chapter 11 case, thereby staying continuation of the foreclosure action. *See In re St. Amant,* 41 B.R. 156 (Bankr.D.Conn.1984). The defendant promptly moved for relief from the stay imposed by § 362(a) of the Bankrupt-cy Code (Code). The district court, on September 19, 1984, denied this motion upon this court's recommendation. On December 19, 1984, the defendant again moved for relief from stay, and on March 27, 1985, pursuant to a stipulation of the parties, the court granted the motion. Morgan Guaranty Trust Company of New York (Morgan), a creditor, held an attachment for $145,000.00 on the property, and the state court thereafter set law days of May 14, 1985 for the debtor and May 15, 1985 for Morgan. Neither sought a foreclosure by sale and neither redeemed. The title to the property became absolute in the defendant on May 16, 1985. The debtor converted his case to one under chapter 7 on January 8, 1986, and Martin W. Hoffman became the estate trustee.

In the second count of the complaint the trustee alleges that the foreclosure resulted in a fraudulent transfer because on May 14, 1985, the defendant's debt was $401,-760.01, and the property had a value of $689,965.00. He contends that on May 14, 1985, the debtor was insolvent, and since the debtor received less than equivalent value in exchange for the transfer, he, as trustee, may avoid the transfer under the provisions of Code § 548.

Section 548(a)(2)(A) provides that a "trustee may avoid any transfer of an interest of the debtor in property ... that was made ... *on or within one year before the date of the filing of the petition,* if the debtor ... received less than a reasonably equivalent value in exchange for such transfer ...". 11 U.S.C. § 548(a)(2)(A) (Supp. IV 1986) (emphasis supplied). The defendant claims that the complaint does not state a cause of action because the contested transfer did not occur within one year prior to the petition, but, in fact, occurred after the petition following a court-approved stipulation for relief from stay. The trustee responds that "in order for Congressional intent with respect to Chapter 7 cases to be carried out, the Trustee's avoidance powers must be measured from the date of conversion, not the date of the original petition." *Trustee's Memo* at 10.

### III.

Section 348(a) of the Code provides that the conversion of a case from one chapter to another, with exceptions not relevant here, "does not effect a change in the date of the filing of the petition, the commencement of the case or the order for relief." 11 U.S.C. § 348(a) (1982). Section 348(a) is applicable to the sections of the Code granting avoidance powers to the trustee. That statute makes clear that a conversion of a case is not intended to establish additional rights. In *General Electric Credit Corp. v. Nardulli & Sons, Inc.*, 836 F.2d 184 (3d Cir.1988), the Third Circuit ruled that a chapter 7 trustee in a converted chapter 11 is put in the position of a hypothetical lien creditor under § 544(a) of the Code only as of the date of the petition. The trustee, in *Nardulli*, had sought to exert her lien creditor rights as of the date of conversion in order to attack certain post-petition events. The court stated § 348(a) mandated that "conversion of [a chapter 11] case to a Chapter 7 proceeding did not affect the date of commencement of the case for purposes of fixing the trustee's status as a hypothetical lienholder under 11 U.S.C. § 544." *Nardulli*, 836 F.2d at 192.

A bankruptcy court, in *Cook v. United States (In re Earl Roggenbuck Farms, Inc.)*, 51 B.R. 913, 921 (Bankr.E.D.Mich. 1985), held that when a chapter 11 case has been converted to chapter 7 a "trustee has not stated a claim under § 548" in attacking a post-petition transfer as a fraudulent transfer. The court did not refer to § 348(a), but stated that "§ 548 by its own terms does not apply to the case at bar." *Roggenbuck*, 51 B.R. at 922. It has also been held that § 548 cannot apply in a nonconverted case to a post-petition foreclosure sale which takes place after the mortgagee has successfully moved for relief from stay. *See Nemeti v. Seaway Nat'l Bank (In re Nemeti)*, 65 B.R. 391, 394–95 (Bankr.N.D.N.Y.1986).

The trustee relies on *Drewes v. Jamestown Implement, Inc. (In re Hoggarth)*, 78 B.R. 1000 (Bankr.D.N.D.1987) to support his position. In *Hoggarth*, after confirmation of a chapter 11 plan, the post-confirmation debtor made a payment from non-plan property to a non-plan creditor. Thereafter, the debtor converted the case to one under chapter 7, and the chapter 7 trustee sought to recover, as a preference, that post-confirmation payment. The defendant-creditor claimed that the right to recover preferences applied only to payments made "before the date of the filing of the petition". *See* 11 U.S.C. § 547(b)(4)(A) (Supp. IV 1986). The *Hoggarth* court concluded that to avoid immunizing post-plan confirmation transfers from the chapter 7 trustee's avoidance powers, "the preference period under section 547 commences on the date of conversion as against any post-confirmation transfers of non-plan property to non-plan creditors." *Hoggarth*, 78 B.R. at 1002.

I conclude that *Hoggarth*, even if an acceptable holding under its facts, is insufficient to sustain the trustee's position. *Hoggarth* itself expressly states that "[a] conversion to Chapter 7 does not undo what was by court order achieved [in] the Chapter 11 ...." *Id. Hoggarth* is also inapposite because the present matter has nothing to do with post-confirmation actions between a debtor and a post-confirmation creditor affecting property acquired post-confirmation.

In sum, I conclude that a chapter 7 trustee may not, in light of the specific and unambiguous language of §§ 348(a) and 548, attack as a fraudulent conveyance a mortgage foreclosure that occurred in the superseded chapter 11 case after the foreclosing mortgagee received relief from stay.

### IV.

The trustee, in the first count of the complaint, seeks to make the prepetition state foreclosure judgment of August 8, 1983 constitute the granting of a lien, thereby resulting in a fraudulent transfer. A transfer for fraudulent conveyance purposes in Connecticut foreclosure proceedings would be the passing of a law day. *Cf. In re St. Amant*, 41 B.R. at 159. The entry of the judgment of foreclosure would

not be. There is no merit to the allegations of Count One.

## V.

The defendant's motion for summary judgment must be, and hereby is, granted, and the trustee's complaint is dismissed.