### In re HAUGEN CONSTRUCTION SERVICE, INC., Debtor.

**Phillip D. ARMSTRONG, Trustee of the Estate of Haugen Construction Service, Inc., Plaintiff,**

v.

**FIRST AMERICAN BANK, MINOT, Defendant.**

**Bankruptcy No. 85–05321.
Adv. No. 88–7033.**

United States Bankruptcy Court, D. North Dakota.

June 3, 1988.

Richard P. Olson, Minot, N.D., for defendant.

Phillip D. Armstrong, Minot, N.D., for plaintiff.

### MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court is a Motion to Dismiss filed by the defendant, First American Bank (Bank) on April 13, 1988. By its motion, the Bank contends the complaint of the Chapter 7 trustee, Phillip D. Armstrong is time-barred by the statute of limitations set forth in 11 U.S.C. § 549(d). Following the dismissal notice, the trustee filed an amended complaint which prompted the Bank to file a further Motion to Dismiss on May 2, 1988. The trustee resists dismissal.

By Complaint filed April 4, 1988, and as amended on April 21, 1988, the trustee, relying upon §§ 362, 541, 542, 549 and 550 of the Bankruptcy Code, seeks avoidance of an unauthorized post-petition cash payment made by the Debtor to the Bank.

On June 3, 1985, Debtor Haugen Construction Services, Inc. filed a petition under Chapter 11 of the Bankruptcy Code. The case was converted to a case under Chapter 7 by court order on May 22, 1986. Armstrong was appointed interim trustee and on June 16, 1986, became permanent trustee.

After filing its petition in bankruptcy, the Debtor allegedly paid $30,000.00 to the Bank by check # 132 dated August 14, 1985, and bearing the notation, "Equipment–Interest". The Bank in its brief in support of dismissal concedes receiving the check on the date indicated.

The trustee alleges that by negotiating check # 132 the Bank violated the automatic stay provision of 11 U.S.C. § 362. He further alleges that the post-petition transaction is avoidable pursuant to 11 U.S.C. § 549 and that the $30,000.00 paid to the

Bank is property subject to turnover pursuant to 11 U.S.C. § 542.

The Bank moves to dismiss with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted; basing its motion principally upon the contention that the trustee's claim is barred by the applicable statute of limitations.

■ The court must view a motion to dismiss in the light most favorable to the plaintiff and cannot dismiss a complaint stating any valid claim for relief. *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.1979), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). At issue is whether the trustee's claim for avoidance of an otherwise invalid postpetition transfer is foreclosed by running of the applicable statute of limitations.

> (a) Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
>> (1) that occurs after the commencement of the case; and
>> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
>>> (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a) (Supp.1988). Pursuant to § 549, a trustee may recover for the estate any estate property that was transferred to a creditor following the debtor's filing for bankruptcy, without authorization by the court or Bankruptcy Code. An action to avoid and recover a post-petition transfer, however, may not be commenced after the earlier of:

> (1) two years after the date of the transfer sought to be avoided; or
> (2) the time the case is closed or dismissed.

11 U.S.C. § 549(d) (Supp.1988). The Bank's alleged negotiation of a check allegedly received as post-petition payment on debtor's pre-petition debt would consti-tute a transfer under the Bankruptcy Code. *See* 11 U.S.C. § 101(50) (Supp.1988).[1] Such a transfer may violate the automatic stay imposed in bankruptcy proceedings. *See* 11 U.S.C. § 362(a)(6) (1979). A violation of the automatic stay, however, does not automatically cause return of the estate property. Avoidance of the transfer and return of the property are implemented via §§ 549 and 550 of the Bankruptcy Code, respectively.

■ The Bank argues that the trustee can no longer implement § 549 to avoid the alleged preferential transfer because the statute of limitations applicable to § 549 has run. This action was commenced on April 4, 1988, approximately two years and eight months after the alleged preferential transfer of August 14, 1985, and slightly less than two years after the Chapter 7 conversion was ordered and Armstrong was appointed trustee. Because more than two years have elapsed since the alleged transfer sought to be avoided, the limitations period has expired. *See* 11 U.S.C. § 549(d) (Supp.1988).

The trustee argues that the running of the statute of limitations should not bar recovery of the alleged post-petition transfer because such a bar would circumvent the broad command of stay in bankruptcy proceedings. In this regard the court is urged to extend its decision in *In re Hoggarth*, 78 B.R. 1000 (Bankr.D.N.D.1987).

*Hoggarth* addressed the commencement of the ninety day preference period in actions brought pursuant to 11 U.S.C. § 547. At issue was the effect of post-confirmation conversion on a Chapter 7 trustee's ability to maintain a § 547 action. 78 B.R. at 1001. The trustee appointed at the time of Chapter 7 conversion brought a § 547 preference action within two years after his appointment but his appointment followed at least one of the alleged preferential transfers by no more than ninety days. The court determined that the trust-

---

1. Pursuant to § 101, "transfer" means "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property." This definition clearly encompasses the debtor's alleged transaction with Bank. *See In re World Financial Services Center, Inc.*, 78 B.R. 239 (BAP 9th Cir.1987) (receipt of check constitutes transfer).

ee's avoidance powers must commence upon the date of a Chapter 7 conversion rather than the date of filing the original petition to ensure that the trustee appointed in a Chapter 7 conversion inherits the same rights as the trustee in a case initially commenced under Chapter 7. *Id.* at 1002. Hence, the trustee was permitted to bring an action within the appropriate limitations period for preferential transfers occurring within the ninety day preference period measured from the day of conversion.

The trustee here argues that avoidance powers under § 549 should, likewise, commence upon the date of a Chapter 7 conversion particularly in view of the circumstances which gave rise to the commencement of the instant 549 action. Precipitating the avoidance action was this court's decision of February 29, 1988, which allowed the informal proof of claim of Butler Machinery in the sum of $821,000.00 to stand.[2] The effect was to place Butler in position as the largest, if not the only, unsecured creditor, most others having been satisfied prior to conversion. In his brief the trustee states that he had an agreement with Westlie Motors that no adversary proceeding would be commenced against it in exchange for a waiver of claim, providing Butler's claim was disallowed.

For this and for other reasons, the trustee was reluctant to bring an avoidance action despite the early and repeated efforts on the part of Butler urging him to do so.

These efforts culminated in several motions by Butler for Armstrong's removal. Finally, despite misgivings about the viability of any estate claim against the Bank, the trustee on July 15, 1988, agreed to pursue it.

The issue in *Hoggarth* involved measurement of a ninety day preference period, not a statute of limitations. Moreover, even if the issue in *Hoggarth* had involved the applicable statute of limitations, the court must hesitate from extending *Hoggarth* to this action because the statute of limitations for § 547 and § 549 actions are different.

Section 547 avoidance actions are among those subject to the statute of limitations set forth in 11 U.S.C. § 546. Section 546 provides in pertinent part:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a) (Supp.1988). The statute of limitations set forth in § 546 is applicable to prepetition transfers, the recovery of which may hinge upon the date of the trustee's appointment. *In re AFCO Development Corp.*, 65 B.R. 781 (Bankr.Utah 1986). The date of a trustee's appointment is not a factor, however, in determining when the statute of limitations in a § 549 action commences. The language of § 549 clearly establishes only two events which trigger commencement of the statute of limitations: (1) the date of a preferential transfer; or (2) the date upon which a case is closed or dismissed. *See e.g., In re Secrist*, 71 B.R. 268 (Bankr.D.Nev.1987). The case of *In re Majesto Electro Industries, Ltd.*, 71 B.R. 84 (Bankr.M.D.Pa.1987), involved a situation similar to the facts at bar. A Chapter 11 case was later converted to a Chapter 7 and a trustee appointed. The trustee, seeking recovery of a transfer occurring during pendency of the Chapter 11 case, commenced a section 549 avoidance action some seventeen months after the two year limitation of section 549(d)(1) had expired. The court granted summary judgment against the trustee, holding that the section 549(d) statute of limitations by clear and unambiguous language, commences to run from the date of the transfer and not the date of the trustee's appointment.

■ The trustee's suggestion that the court ought to exercise its equitable powers to extend the two year time limit of § 549 in view of the recently issued order

---

**2.** This order is presently on appeal.

permitting Butler's claim cannot be countenanced. The statute is clear as to when the time expires. Neither the statute nor the Rules of Bankruptcy Procedure accord to the court the discretion to permit late filings, even when that filing was delayed by court proceeding or process. In *In re Hill*, 811 F.2d 484 (9th Cir.1987), a 523(a)(6) action was denied filing beyond the 60 time limit of Rule 4007(c) even though the lateness was precipitated by an erroneous bar date calculation by the clerk of court. Similarly, the court in *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) dismissed a late filed 523 action which was caused by advice given to the attorney by the bankruptcy clerk's office to the effect that no dischargeabiity deadline had been set. These decisions stand for the proposition that limitation periods clearly set forth either by statute or rule inexorably continue to run irrespective of misinformation or mistake on the part of a court official. The result is no less in situations, as here, where the trustee held off bringing an action which was subject to a time bar because he anticipated there to be no benefiting unsecured creditors. An exception to this rule is where a trustee is induced by acts of the transferee to forebear in bringing suit. *Smith v. Mark Twain Nat. Bank*, 805 F.2d 278, 292 (8th Cir.1986).

Accordingly, and for the reasons herein stated, the court concludes that the trustee must be held to have had notice of the limitations of § 549 but failed to commence the instant action within the time period prescribed and the action is therefore barred by operation of § 549(d)(1).

IT IS ORDERED that defendant First American Bank's motion to dismiss the amended complaint with prejudice is granted.