In re **PIONEER TECHNOLOGY, INC., Debtor.**

**PIONEER TECHNOLOGY, INC., Plaintiff/Appellee,**

v.

**Damien EASTWOOD Defendant/Appellant.**

**BAP No. NC–88–1155. Bankruptcy No. 587–04040–M. Adv. No. 870377.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 20, 1988.

Decided Nov. 23, 1988.

John W. Clark, Clark & Forda, San Jose, Cal., for defendant/appellant.

Janes D. Sumner, Burris, Sumner & Palley. P.C., Mountain View, Cal., for plaintiff/appellee.

Before JONES, MEYERS and ASHLAND, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge.

Appellant, Damien Eastwood, appeals a bankruptcy court order granting summary judgment in favor of the Debtor, Pioneer Technology, Inc., on the Debtor's action to recover a preferential transfer. For the following reasons, we AFFIRM the decision of the bankruptcy court.

## FACTS

The Debtor filed a Chapter 11 petition on July 27, 1987. At all times relevant to this proceeding, Appellant was a significant stockholder of the Debtor, and was also its president, director and chief executive officer. On April 9, 1987, the Debtor became indebted to Appellant in the amount of $10,000. Also in April 1987, the Debtor became indebted to Appellant's wife, Peggy Eastwood, in the amount of $21,000.

On June 22, 1987, within 90 days of the petition, Appellant caused the Debtor to issue two checks payable to himself, each in the amount of $5,000. On June 25, 1987, also within 90 days of the petition, Appellant caused the Debtor to issue four checks payable to cash, in the amounts of $5,000, $5,000, $5,000 and $6,000.

In September 1987, the Debtor brought an adversary proceeding to set aside, as preferences, the $31,000 in payments to Appellant and his wife. In November 1987, the Debtor filed a motion for summary judgment on the preference action. In support of the motion, the Debtor submitted into evidence the April 9, 1987 promissory note in the amount of $10,000 executed by the Debtor in favor of Appellant, minutes of a June 11, 1987 meeting of the Debtor's Board of Directors indicating that the Board had resolved to seek legal advice

prior to making payment on the debts to Appellant and his wife, and copies of the seven checks by which the debts to Appellant and his wife had been retired. The Debtor also submitted an affidavit of its comptroller, Paul Troutner, stating that the transfers to Appellant and his wife were made within 90 days of the petition, the Debtor was insolvent at the time of the transfers, Appellant knew that the Board had resolved not to pay him and his wife until it had gotten legal advice, and that the transfer enabled Appellant and his wife to receive more than they would have had the transfer not been made and the property liquidated pursuant to Chapter 7.

In opposition to the motion for summary judgment, Appellant submitted a declaration stating that he disputed the Debtor's allegations regarding the resolution of the Board of Directors not to pay the debts to him and his wife. The affidavit further stated that Appellant disputed the allegation that the Debtor was insolvent at the time the transfers were made. Appellant further disagreed with the Debtor's contention that the transfers enabled him to receive more than he would have under a Chapter 7 liquidation. In addition, Appellant argued that the loans by Appellant and his wife and their subsequent repayment fell within the ordinary course of business exception to 11 U.S.C. § 547.

On January 29, 1988, the bankruptcy court issued an order granting summary judgment in favor of the Debtor. Appellant timely appealed.

## STANDARD OF REVIEW

A reviewing court will affirm a grant of summary judgment only if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the nonmoving party, that there are no genuine issues of material fact and that the moving party is entitled to prevail as a matter of law. *In re Stephens,* 51 B.R. 591, 594 (9th Cir. BAP 1985). A bankruptcy court's grant of summary judgment is reviewed de novo. *In re Center Wholesale, Inc.,* 788 F.2d 541, 542 (9th Cir.1986).

## DISCUSSION

Bankruptcy Code § 547 provides that a trustee or debtor-in-possession may avoid a transfer of an interest of the debtor in property when the transfer is: 1) to or for the benefit of a creditor; 2) on account of an antecedent debt; 3) made while the debtor was insolvent; 4) made within 90 days of the petition; and 5) enables the creditor to receive more than it would have had the transfer not been made and the case liquidated pursuant to the provisions of Chapter 7 of the Code. 11 U.S.C. § 547(b). On appeal, Appellant does not dispute that the transfers to him and his wife were for the benefit of a creditor on account of an antecedent debt or that they were made within 90 days of the petition. Rather, Appellant argues that a genuine issue of material fact exists as to whether the Debtor was insolvent at the time of the transfers. In addition, Appellant argues that the Debtor failed to present evidence of a hypothetical liquidation and, thus, cannot prevail on its motion for summary judgement. Finally, Appellant argues that the transfers to him and his wife fall within the ordinary course of business exception to § 547.

a. *Whether a question of fact existed as to the Debtor's insolvency.*

11 U.S.C. § 547(f) creates a presumption of insolvency during the 90 days preceding the filing of a bankruptcy petition. That presumption, as mandated by Federal Rule of Evidence 301, (made applicable in bankruptcy proceedings by Bankruptcy Rule 9017) "requires the party against whom the presumption is made to come forward with some evidence to rebut the presumption, but the burden of proof remains on the party in whose favor the presumption exists." H.Rep. No. 95–595, 95th Cong. 1st Sess. 375 (1977), 1978 U.S.Code Cong. & Admin.News 5787, 6331. *See also* 4 L. King, *Collier on Bankruptcy,* ¶ 547.06 at 547–36, n. 5 (15th Ed.1988). Insolvency, as defined in 11 U.S.C. § 101(31), means that the sum of a debtor's liabilities exceeds the sum of its assets.

"A creditor wishing to overcome the presumption of insolvency must provide the court with 'evidence sufficient to cast into doubt the statutory presumption of insolvency ...'" *In re World Financial Services Center, Inc.,* 78 B.R. 239, 241 (9th Cir. BAP 1987) (quoting *In re Emerald Oil Co.,* 695 F.2d 833, 838 (5th Cir.1983)). Under this requirement, "the mere assertion that the debtor is solvent will not suffice" to overcome the presumption. *World Financial,* 78 B.R. at 239. Accordingly, in *World Financial* we held that the transferee had not overcome the insolvency presumption where the only evidence available on the debtor's solvency was a declaration of the transferee's credit manager stating that, in his opinion, the debtor was solvent at the time of the transfer.

Similarly, in *Emerald Oil Co.,* the creditor had offered evidence through an accountant not familiar with the debtor's books and records who criticized the trustee's accountant as possibly having employed an improper accounting method. The Fifth Circuit found that the *"potential* error in accounting methods relied on by the trustee" was insufficient evidence to meet or rebut the insolvency presumption. *Id.* at 838 (emphasis in original). The Court noted:

> To hold that any sort of speculative showing by the party opposed to the [insolvency] presumption would cause it to disappear, no matter how tenuous the claim of possible insolvency, would in our view resurrect the mischief ... that was intended to be cured by the 1978 Code's creation through section 547(f) of the statutory presumption of insolvency.

*Id.* at 839. *See also In re Vasu Fabrics, Inc.,* 39 B.R. 513, 516 (Bankr.S.D.N.Y.1984) (pure speculation by a creditor is sufficient to rebut insolvency presumption).

■ Here, the only evidence submitted by Appellant to rebut the insolvency presumption was Appellant's affidavit stating that he believed the assets of the Debtor exceeded its liabilities during the preference period. No other evidence was offered by Appellant. In our view, Appellant's unsubstantiated declaration of the Debtor's financial condition during the preference period is insufficient to rebut § 547(f)'s presumption of insolvency. Accordingly, the bankruptcy court did not err in allowing the Debtor to rest on the presumption of insolvency.

b. *Whether the Debtor's failure to present evidence of a hypothetical liquidation precludes the entry of summary judgment.*

■ Appellant next contends that the Debtor's failure to present evidence of a hypothetical liquidation defeats its cause of action under § 547. We disagree. Although the Debtor did not provide the bankruptcy court with any figures representing a hypothetical liquidation, the Debtor did submit an affidavit of its comptroller stating that Appellant received more via the transfers than it would have had the transfers not been made and had the estate been liquidated under Chapter 7. In response, Appellant merely stated in his affidavit that he disagreed with the "legal conclusions" reached by the comptroller because they were "based on faulty assumptions". Appellant submitted no other evidence rebutting the comptroller's contentions. In our view, this was insufficient to preclude the grant of summary judgment on the Debtor's § 547 action.

c. *Whether this transaction falls within the ordinary course of business exception to § 547.*

■ Section 547(c)(2) provides:

(c) The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
>
> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>
> (C) made according to ordinary business terms ...

11 U.S.C. § 547(c)(2). According to Collier, "[t]his section is intended to protect recur-

ring, customary credit transactions that are incurred and paid in the ordinary course of business of the debtor and the debtor's transferee" *Collier on Bankruptcy,* ¶ 547.10 at 547–45. The legislative history of § 547(c)(2) provides that the purpose of the section

> is to leave undisturbed normal financial relations, because [the exception] does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditor during the debtor's slide into bankruptcy.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 373–74 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6329. Courts have consistently held that the section was intended to protect *ordinary trade credit* transactions, and not those outside the normal course of either the debtor's or creditor's business. *See, e.g., In re Daikin Miami Overseas, Inc.,* 65 B.R. 396, 398 (S.D. Fla.1986); *In re Bourgeois,* 58 B.R. 657, 660 (Bankr.W.D.La.1986); *In re Western World Funding, Inc.,* 54 B.R. 470, 480 (Bankr.D.Nev.1985); *In re Fulghum Constr. Corp.,* 45 B.R. 112, 116 (Bankr.M. D.Tenn.1984). Moreover, a payment which arises out of "unusual" debt collection or payment practices does not fall within the scope of § 547(c)(2). *In re Craig Oil Co.,* 785 F.2d 1563, 1566 (11th Cir.1986). *See also In re Economy Milling Co., Inc.,* 37 B.R. 914, 922 (D.S.C.1983).

█ In our view, the instant transaction does not fall within the purview of § 547(c)(2). By Appellant's own admission, the April advances by him and his wife to the Debtor were intended to be short term loans to cover "cash flow shortfalls" of the company. Appellant was not a trade creditor of the Debtor. Nor can it be said that this transaction was in the ordinary course of the Debtor's or Appellant's business affairs. We do not believe that a short term loan made by a debtor's shareholder in order to allow the debtor to maintain operations despite capitalization problems falls within the ordinary course of business exception to § 547. *Accord Fulghum,* 45 B.R. at 116. Accordingly, the bankruptcy court correctly determined that the Debtor was entitled to judgment as a matter of law.

### CONCLUSION

Appellant has not shown that any genuine issues of material fact exist which would preclude a grant of summary judgment. In our view, the Debtor has established all elements of § 547(b) and is, therefore, entitled to judgment in its favor as a matter of law. Finally, the instant transaction does not fall within the ordinary course of business exception embodied in § 547.

Accordingly, we AFFIRM the decision of the bankruptcy court.