In re NATIONAL LUMBER AND SUPPLY, INC., Debtor.

**Richard A. MARSHACK, Chapter 7 Trustee, Appellant,**

v.

**ORANGE COMMERCIAL CREDIT, Appellee.**

BAP No. CC–93–1792–MeVO.
Bankruptcy No. SA 90–02231 JB.
Adv. No. SA 92–1717 JB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 18, 1995.

Decided June 30, 1995.

Michael G. Spector, Santa Ana, CA, for appellant.

Annie Verdries, Costa Mesa, CA, for appellee.

Before MEYERS, VOLINN and OLLASON, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The Chapter 7 trustee appeals from a summary judgment in a preference action.

We **REVERSE**.

### II

### FACTS

National Lumber & Supply, Inc. ("Debtor") was in the retail hardware and home improvement business. The Installers installed garage doors for National Lumber's customers. Orange Commercial Credit ("Orange") was in the business of purchasing or factoring accounts receivable. The Installers factored or assigned to Orange the receivables owing from the Debtor.

On April 3, 1990, the Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code ("Code"). Within 90 days prior to the filing, the Debtor gave Orange 11 checks totalling $33,533. During this time period the Debtor also received services from The Installers with a total value of $21,935.

The case was converted to one under Chapter 7 on August 28, 1990 and Richard Marshack ("Trustee") was appointed Chapter 7 trustee. On August 21, 1992, the Trustee commenced an action against Orange under Section 547 of the Code.

Orange filed its answer on October 15, 1992. The answer did not specifically plead the ordinary course of business exception under Code Section 547(c)(2) or the new value exception under Section 547(c)(4). However, the following affirmative defense was pleaded: "As and for the fourth, separate and affirmative defense, this Answering Defendant alleges that the transfers of property referred to in Plaintiff's Complaint, if any, were authorized by the applicable Bankruptcy Code section."

The Trustee then posed the following interrogatory: "State each and every fact which tends to support your affirmative defense that the transfers of property referred to in the Trustee's Complaint were authorized by the applicable Bankruptcy Code section." In its response to the interrogatory, Orange objected on the basis that the interrogatory called for a legal conclusion.

The discovery cutoff date was April 2, 1993.

On May 27, 1993, the Trustee filed a motion for summary judgment or for summary adjudication of issues. In Orange's opposition, filed and served on June 7, 1993, for the first time it raised specific defenses under Code Section 547(c)(2) and (4). The Trustee, in its reply, asserted that the defenses should be deemed waived, and that in any event Orange had not produced evidence of the Section 547(c)(2) defense.

After a hearing, the bankruptcy court held that Orange had not waived its defenses. The court determined that transfers made within 45 days of invoicing were within the ordinary course of business and therefore

excepted from avoidance under Section 547(c)(2), leaving $3,981 in liability. The court also concluded that Orange gave new value in the amount of $1,939 pursuant to Section 547(c)(4), the other subsequent advances of $17,493 having been repaid by unavoidable transfers. Judgment was entered in favor of the Trustee for $2,042 ($3,981 − $1,939), plus interest and $120 in costs.

The Trustee appealed.

### III

### STANDARD OF REVIEW

■ A grant of summary judgment is reviewed *de novo*. *In re Food Catering & Housing, Inc.*, 971 F.2d 396, 397 (9th Cir. 1992); *In re Pioneer Technology, Inc.*, 107 B.R. 698, 700 (9th Cir. BAP 1988).

■ The bankruptcy court's decision on whether an affirmative defense is waived if not pleaded in the answer is reviewed for abuse of discretion. *See In re Santos*, 112 B.R. 1001, 1008 (9th Cir. BAP 1990).

### IV

### DISCUSSION

A. *Orange's Failure to Specifically Plead Section 547(c)(2) and (c)(4)*

■ The Trustee asserts that Code Section 547(c)(2) and (c)(4), the ordinary course of business exception and the new value exception, are affirmative defenses which were waived when Orange did not plead them in its answer.

■ Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny the plaintiff's right to recover even if the allegations of the complaint are true. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988); *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987). In a preference action under Code Section 547, the trustee may avoid a transfer of the debtor's interest in property when the transfer is: (1) to or for the benefit of a creditor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made

within 90 days of the petition; and (5) one enabling the creditor to receive more than it would have had the transfer not been made and the case liquidated under Chapter 7 of the Code. *Pioneer Technology, supra*, 107 B.R. at 700. The ordinary course of business exception and the new value exception do not negate any of these elements; rather, they are matters extraneous to the prima facie case.[1] "An avoidance that meets the conditions of section 547(b) can still be barred by section 547(c), which provides exceptions to the trustee's avoiding power." *In re Wolf & Vine*, 825 F.2d 197, 199 (9th Cir.1987). Therefore, the Section 547(c) defenses should be deemed affirmative defenses.

Several courts have agreed. The court in *In re Fisher*, 100 B.R. 351, 355 (S.Ohio 1989), *amended* 101 B.R. 507 (S.Ohio 1989), held that the ordinary course of business exception is an affirmative defense which must be pleaded. The court explained that Section 547(c) is never called in issue unless a preference is found to exist. Thus to suggest that the defenses contained in Section 547(c) are mere exceptions, as opposed to affirmative defenses, is an argument premised more on semantics than substance. 100 B.R. at 356. Similarly, in *In re Ajayem Lumber Corp.*, 143 B.R. 347, 353 (S.D.N.Y.1992), the court refused to consider Section 547(c)(4) as a defense to the preference action because it had not been pleaded as an affirmative defense.

■ Without citing any authority, Orange maintains that the preference exceptions should not be considered affirmative defenses because they involve subsections of the same section of the statute giving the Trustee the right to recover. The cases we found on this issue hold otherwise. In *First National Bank of Lincolnwood v. Keller*, 318 F.Supp.

339 (N.D.Ill.1970), the defendant was a former bank president and director accused of allowing loans in excess of the bank's lending limit, in violation of the National Banking Act, 12 U.S.C. § 84. At trial, the defendant sought to assert 12 U.S.C. § 84(c)(6), an exception to that statute. The court determined that the exception was an avoidance or affirmative defense which the defendant had waived by failing to plead in his answer. 318 F.Supp. at 345. As stated in *Rachbach v. Cogswell*, 547 F.2d 502 (10th Cir.1976): "A claim of exemption from the operation of a remedial statute is an affirmative defense which must be specifically pleaded." 547 F.2d at 505.

■ Orange argues that its affirmative defense that any transfers "were authorized by the applicable Bankruptcy Code section" encompassed the Section 547(c)(2) and (c)(4) arguments. Allowing such broad pleading would eviscerate Fed.R.Civ.P. 8(c), which requires that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... any ... matter constituting an avoidance or affirmative defense."[2] The court in *Tancredi v. Dive Makai Charters*, 823 F.Supp. 778, 785 (D.Haw.1993), rejected a similar argument. In that case, the defendants had included in their answer a catch-all statement that they intended to rely upon any matter constituting an avoidance or affirmative defense pursuant to Rule 8(c). The court stated that although absolute specificity in pleading is not required, fair notice of an affirmative defense is required. 823 F.Supp. at 785–86. *See also U.S. v. Continental Illinois Nat. Bank and Trust*, 889 F.2d 1248, 1255 (2nd Cir.1989) ("One of the main reasons for the rule stated in Fed.R.Civ.P. 8(c) is to avoid surprise to the plaintiff.") The *Tan-*

---

1. Code Section 547(c)(2), the ordinary course of business exception, states: "The trustee may not avoid under this section a transfer to the extent that such transfer was—(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business and financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms."

 Section 547(c)(4), the new value exception, provides: "The trustee may not avoid under this

section a transfer to the extent that such transfer was to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—(A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor."

2. Fed.R.Civ.P. 8 applies to bankruptcy adversary proceedings pursuant to Fed.R.Bankr.P. 7008.

*credi* court held that because the defendants' general statement was insufficient to provide such notice or prevent unfair surprise to the opposing party, the defense would be disallowed. 823 F.Supp. at 786. Especially in light of the fact that Orange refused to answer the Trustee's interrogatory concerning the bases for its affirmative defenses, the catch-all provision in Orange's answer should not be deemed to have raised the Section 547(c)(2) and (c)(4) defenses.

 Our holding that Orange did not raise the affirmative defenses in its answer does not necessarily mean that Orange was precluded from asserting the defenses in subsequent pleadings. Although an affirmative defense not raised in the answer or responsive pleading is generally waived, such a determination is left to the trial court. *Santos, supra,* 112 B.R. at 1008. Here the affirmative defenses were not raised in the answer, but the bankruptcy court nevertheless allowed Orange to assert the defenses in its opposition to the summary judgment motion.

 In the absence of a showing of prejudice, an affirmative defense may be raised for the first time at summary judgment. *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993); *Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir.1984). The Trustee argues that it was prejudiced by the inadequate pleading because the discovery cutoff date elapsed over two months before the defenses were first raised in response to the summary judgment motion. Yet the Trustee never asked the court for an extension of the discovery cutoff date or a continuance to review the defenses asserted. The Trustee had the opportunity to seek a cure for any alleged prejudice it suffered, but no such relief was requested. We find no abuse of discretion in the trial court's decision to let Orange raise the ordinary course of business and new value defenses.

B. *Sufficiency of Orange's Evidence for its Section 547(c)(2) Defense*

 The defendant in a preferential transfer proceeding has the burden of proving any exceptions to avoidance under Code Section 547(c). 11 U.S.C. § 547(g). On a summary judgment motion, if the nonmoving party bears the burden of proof on an issue at trial, the moving party simply may point to the absence of evidence to support the nonmoving party's case. *In re Brazier Forest Products, Inc.,* 921 F.2d 221, 223 (9th Cir.1990). The Trustee did so here. In order to avoid summary judgment against it, it was incumbent upon Orange to present evidence sufficient to show that a genuine issue of material fact exists. *See In re Kim,* 161 B.R. 831, 837 (9th Cir. BAP 1993).

 To qualify for the ordinary course of business exception, a creditor must prove that (1) the debt and its payment are ordinary in relation to past practices between the debtor and that particular creditor, and (2) the payment was ordinary in relation to prevailing business standards. *In re Grand Chevrolet, Inc.,* 25 F.3d 728, 732 (9th Cir. 1994); *Food Catering & Housing, supra,* 971 F.2d at 398. The Trustee contends that Orange failed to present any admissible evidence as to the course of payment between the Debtor and Orange or the applicable industry standard.

 Orange objects to the Trustee's argument on the basis that it was not included in the Statement of Issues on appeal. An issue is considered waived if it was not listed in the statement of issues to be presented, as required by Fed.R.Bankr.P. 8006. *In re Pine Mountain, Ltd.,* 80 B.R. 171, 173 (9th Cir. BAP 1987). Here, the second issue in the Trustee's Statement of Issues is: "Whether the Bankruptcy Court erred as to its finding that transfers were made in the ordinary course of business pursuant to 11 U.S.C. 547(c)(2)." This statement embraces the Trustee's argument that there was insufficient evidence to allow the ordinary course of business defense.

 The bankruptcy court found that all transfers made on account of invoices dated within 45 days from payment were within the ordinary course of business. The only evidence as to the course of payment between the Debtor and Orange was the testimony of David Hardin, a garage door installer for The Installers. In a declaration, Hardin

stated: "As long as I did business for National Lumber, it was in the ordinary course of our business that National Lumber would make payment on an average within 45 days from the date of the invoice."

The Trustee objects to the testimony on the ground that there was an insufficient showing of personal knowledge as required by Fed.R.Evid. 602.[3] The Trustee contends that Hardin lacked personal knowledge of the payment practices, since the collection of debt owing from the Debtor had been assigned or factored to Orange, by whom he was not employed.

The Trustee also objects to the testimony of Hardin to prove what the industry standard was. Hardin testified:

> During the same time period that I performed garage door installation services for National Lumber, I also performed the same kind of services for Lumber City, Builders Emporium, Builders Square & Builders Discount. With the other businesses, I followed the same pattern and was paid by them on undisputed invoices on an average of within 45 days from the date of the invoice. Builders Square and Builders Discount often did not pay until 60 days from the dte [sic] of the invoice ... It was (and still is) a common practice in the industry to follow the payment pattern set forth hereinabove.

The Trustee objects to this testimony also on the basis of lack of personal knowledge of any payment practices, since Hardin factored his receivables to Orange.

Orange responds that Hardin's personal knowledge is evidenced by his testimony that he had a five-year relationship with the Debtor as part of a larger business of installing garage doors for various companies. Orange states: "He was obviously familiar with his own payment terms with the various entities that he served, even if he used Orange Commercial Credit to service his accounts receivables at certain periods of time."

The Trustee's argument is well grounded and Orange's response does not address it.

At issue in this proceeding is whether payments from the Debtor to Orange were in the ordinary course of business. Hardin testified: "Because I was factoring my accounts receivable through Orange Commercial Credit (OCC) payment was made by National Lumber on the invoices to OCC." Thus Hardin has personal knowledge of payments from Orange to him, but does not have personal knowledge of payments from the Debtor to Orange or of the general industry standard of payments from retailers such as the Debtor to companies such as Orange. Because Orange did not offer any admissible evidence to support its ordinary course of business defense in opposition to the Trustee's summary judgment motion, the court should have granted summary judgment in favor of the Trustee as to the Section 547(c)(2) defense. *See U.S. v. Aetna Cas. & Sur. Co.*, 981 F.2d 448, 455 (9th Cir.1992) (testimony as to whether an entity paid wages pursuant to federal statute inadmissible under Fed.R.Evid. 602 and Fed.R.Civ.P. 56(e) for failure to establish declarant's personal knowledge as to what payroll documents the entity submitted to the government).

## C. *The New Value Defense Under Section 547(c)(4)*

Finally, the Trustee argues that the court misconstrued the new value defense by allowing Orange to offset from its preference liability new value that had been repaid by the Debtor. The court stated that if the ordinary course of business defense were not allowed, Orange would have preference liability of $14,101.

After this appeal was briefed and argued, the Ninth Circuit Court of Appeals in *In re IRFM, Inc.*, 52 F.3d 228 (9th Cir. 1995), ruled on the issue of whether new value that has been repaid by the debtor may be used as a preference defense under Section 547(c)(4). The court held that interpreting Section 547(c)(4) as requiring creditors'

---

**3.** Fed.R.Evid. 602 states in relevant part: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony...."

payments to remain unpaid is an incomplete description of the statute. Rather, a creditor who raises the new value defense must prove that the new value has not been repaid with an otherwise unavoidable transfer.

We apply this analysis of Section 547(c)(4) to the transactions between Orange and the Debtor. Apart from its assertion of the new value defense, Orange's only defense to avoidance was its ordinary course of business defense. This defense having failed for lack of evidence, none of the payments by the Debtor are "otherwise unavoidable." Consequently, subsequent transfers from the Debtor would not impede Orange's use of the new value defense, since Orange was not repaid with any otherwise unavoidable transfers. Orange may include as new value all payments it made to the Debtor within ninety days of the bankruptcy, to the extent that those payments did not exceed the amount of prior preferential transfers from the Debtor.[4] Under the construction of the new value exception provided in the *IRFM* case, Orange could use $19,432 of the new value it gave to the Debtor as an offset against the preferential payments of $33,533 received from the Debtor, leaving Orange liable for a total of $14,101 in preferential payments.

As indicated in the table below, under our construction of the new value exception, Orange's preference liability is $14,101 ($33,533 − $19,432).

| Date | Checks from Debtor | New Value | Total Preference Liability |
| --- | --- | --- | --- |
| 12/28/89 | $3,220 | 0 | $3,220 |
| 1/4/90 | $1,010 | 0 | $4,230 |
| 1/10/90 | 0 | $3,713 | $517 |
| 1/11/90 | $4,548 | 0 | $5,065 |
| 1/17/90 | 0 | $561 | $4,504 |
| 1/18/90 | $2,086 | 0 | $6,590 |
| 1/25/90 | $5,711 | 0 | $12,301 |
| 1/25/90 | 0 | $7,114 | $5,187 |
| 2/1/90 | $474 | 0 | $5,661 |
| 2/1/90 | 0 | $8,164 | 0 |
| 2/8/90 | $3,401 | 0 | $3,401 |
| 2/15/90 | $5,084 | 0 | $8,485 |
| 2/15/90 | 0 | $1,582 | $6,903 |
| 2/22/90 | $3,052 | 0 | $9,955 |
| 3/1/90 | $3,580 | 0 | $13,535 |
| 3/8/90 | $1,367 | 0 | $14,902 |
| 3/13/90 | 0 | $801 | $14,101 |
| Totals | $33,533 | $21,935 | $14,101 |

## V

## CONCLUSION

The bankruptcy court did not abuse its discretion in allowing the Section 547 defenses to be asserted for the first time in opposition to the summary judgment motion. However, the court erred in its application of the ordinary course of business defense. Because Orange did not provide any admissible evidence in support of this defense, summary judgment should have been granted to the Trustee on this issue. *See In re Affordable Housing Development Corp.*, 175 B.R. 324, 329 (9th Cir. BAP 1994) ("If the appellant is entitled to summary judgment, this Court may reverse the bankruptcy court and grant summary judgment in favor of the appellant.").

We apply the new value defense as formulated in the Ninth Circuit's *IRFM* case: To be used as a defense in preference litigation, new value must not be repaid with an otherwise unavoidable transfer. Given that the $33,533 which Orange received from the Debtor 90 days before the bankruptcy filing date is otherwise unavoidable, $19,432 is excepted from avoidance under Section 547(c)(4). Therefore, the Trustee should recover the sum of $14,101.

**REVERSED.**[5]

---

4. Under the terms of Section 547(c)(4), only new value given subsequent to a preferential payment may be used to offset the amount of such payment. Bowmar, *The New Value Exception to the Trustee's Preference Avoidance Power: Getting the Computations Straight*, 69 Am.Bankr.L.J. 65, 71 (1995).

5. We reverse rather than remand because the record presents no genuine issue as to any material fact. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1313 (5th Cir.1985).