MURNAGHAN, Circuit Judge:
The debtor’s transfer of property, at issue in the present case, is the grant of security interests. The transaction from which the security interests arose was a contract of sale between Russell Transfer, Inc. (Russell) and Suburban Funding Corp. (Suburban) and ITT Commercial Finance Corp. (ITT). Russell bought tractors and trailers from Suburban and ITT and agreed to grant each a security interest. Prior to the sale, Suburban and ITT had leased the tractors and trailers to Russell. Thus, pri- or to the sale they enjoyed preferred positions so far as titles to the equipment were concerned since they were the owners. The following dates are relevant. Russell *798 filed a petition for bankruptcy under Chapter 11 on April 2, 1985, and thereafter proceeded under Chapter 11, and a confirmed plan thereunder. The parties entered the sale agreement on December 27, 1985. The bankruptcy court approved the sale and retention of security interests on August 7, 1986. Suburban’s security interest was perfected on August 26, 1986. On September 30, 1986 Russell’s Chapter 11 case was converted to Chapter 7. ITT’s security interest was perfected on October 16, 1986.[1]
The Chapter 7 trustee contends that he may avoid the transfers. He possesses two powers potentially able to defeat ITT’s and Suburban’s security interests. Section 547 of the Bankruptcy Code (11 U.S.C.) enables the trustee to invalidate certain preferential transfers; section 549 enables the trustee to invalidate certain post-petition transfers. While the two powers will sometimes overlap, the chief distinction between them is that generally section 547 applies to pre-petition transfers and section 549 applies to post-petition transfers. The overlap occurs when section 547, at times, applies to post-petition transfers. The trustee in the present case claims that both powers allow him to avoid the transfer of a security interest by Russell to ITT and Suburban.
Section 547 defines certain transfers as preferences and empowers the trustee to avoid them. The grant of a security interest is a transfer within the definition of section 547 and the trustee may avoid it if it is not perfected in time. The perfection must be made, depending on the type of security interest, on or before ten days after either the transfer is made or the debtor acquires possession. It is not necessary in this case to decide which event commenced the ten day period, since the security interests in the present case were not perfected within ten days of either event. Thus the trustee may avoid them if section 547 otherwise applies.
But, section 547 does not otherwise apply. Section 547(b)(4) provides that a transfer will only be a preference if it is made “on or within 90 days before the date of filing of the petition.” 11 U.S.C. § 547(b)(4). The trustee argues that the ninety day period should be calculated from the date of conversion of the case to Chapter 7 (September 30, 1986) rather than the date of filing of the Chapter 11 petition (April 2, 1985). Section 348 of the Bankruptcy Code addresses the effect of conversion on dating. It provides:
Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
11 U.S.C. § 348(a).
The exceptions of subsections (b) and (c) of section 348 do not apply here, so the statute then facially provides that the ninety day period for section 547 purposes should be calculated from the date of filing the Chapter 11 petition. The trustee attempts to make a policy argument for adopting other than the literal reading of section 348. He argues that if a transfer *799 occurs after a Chapter 11 reorganization plan has been confirmed then the ninety-day period of section 547 should be measured from the date of conversion to Chapter 7. The trustee, however, swims against a strong tide of contrary authority.
The trustee concedes, as he must, that if a transfer occurs before the Chapter 11 reorganization plan is confirmed then a subsequent conversion to Chapter 7 does not effect section 547. Section 547 continues to date preferences from the date of filing of the Chapter 11 petition. The trustee distinguishes that situation by the fact that here the Chapter 11 plan had been confirmed. His policy argument is that unsecured creditors who deal with a debtor after Chapter 11 plan confirmation should be identically situated as when they deal with any other person who subsequently makes a Chapter 7 filing. Under the bankruptcy court’s and district court’s resolution, the two are not identically situated. The unsecured creditors of a person who files a Chapter 7 petition, without having filed an earlier Chapter 11 petition, have the benefit of return of preferential transfers made within ninety days of filing of the Chapter 7 petition. 11 U.S.C. § 547(b)(4). The unsecured creditors of a person operating under a confirmed Chapter 11 plan who subsequently converts to Chapter 7 do not get that benefit, under the resolution below of this case, since the ninety day period dates from the filing of the Chapter 11 petition rather than from the conversion to Chapter 7. The trustee’s proposed resolution of dating preferences from the date of conversion to Chapter 7 would end the disparity.
The trustee cites one case in support of his argument, Drewes v. Jamestown Implement, Inc. (In re Hoggarth), 78 B.R. 1000 (Bkrptcy.D.N.D.1987). There the court held that the preference period under section 547 “commences on the date of conversion as against any post-confirmation transfers of non-plan property to non-plan creditors.” Id. at 1002 (emphasis supplied). By its terms that decision does not apply to the case at bar since the present case involves a post-confirmation transfer of plan property to a plan creditor. Even the Hoggarth court was clear as to that distinction, “A conversion to Chapter 7 does not undo what was by court order achieved by the Chapter 11 confirmation and any payments made under auspices of a confirmed plan cannot be avoided.” Id. at 1002 (citing Matter of Ford, 61 B.R. 913 (Bankr.W.D.Wisc.1986)).
Even under the case cited by the trustee, therefore, the relevant date for determination of preferences under section 547, in the circumstances of the present case, is the date of filing of the Chapter 11 petition notwithstanding the intervening confirmation of a Chapter 11 plan and intervening conversion to Chapter 7. The plain language of the statute, in section 348, reaches the result. Thus, it is not necessary to consider policy arguments in support of various different interpretations. Further, to the extent policy is considered, the trustee’s policy argument is counterbalanced and outweighed by the interest of those creditors who rely on orders of the court during the Chapter 11 proceeding.[2] We *800 hold that since the transfer of the security interests from Russell to ITT and Suburban occurred after the filing of Russell’s Chapter 11 petition the trustee may not avoid those transfers under section 547. That result comports with analogous authority.
In General Elec. Credit Corp. v. Nardulli & Sons, Inc. (In re Nardulli & Sons, Inc.), 836 F.2d 184 (3d Cir.1988), the court faced an analogous situation. Nardulli & Sons, Inc. filed a petition under Chapter 11; the bankruptcy court subsequently approved the affirmation of some and creation of other security interests; the bankruptcy court, some time later, confirmed a Chapter 11 plan of reorganization. The debtor operated for a time under the plan and then converted to a Chapter 7 proceeding. Those facts are identical to the facts of the present case. During that period of operation under the confirmed Chapter 11 plan the security interests lapsed because of a failure to file continuation statements. The trustee sought to avoid the security interests arguing that her power under section 544,[3] as a judicial lien creditor, should be measured from the date of conversion to Chapter 7 not from the date of filing of the Chapter 11 petition. That argument is the same as the one in the case at bar except that there the trustee’s power considered was that under section 544, here it is the power under section 547. The Third Circuit read section 348, regarding conversion and dating, and rejected the argument. The court held, “conversion of this case to a Chapter 7 proceeding did not affect the date of commencement of the case for purposes of fixing the trustee’s status as a hypothetical lienholder under 11 U.S.C. § 544.” Id. at 192. The trustee offers only trivial bases[4] to reject the analogy of Nardulli & Sons and the present case. Our reading of section 348 and analogous authority leads us to conclude that conversion did not affect the date of commencement of the case for purposes of fixing the trustee’s power under 11 U.S.C. § 547.
We next consider the trustee’s power under section 549. A trustee’s power to avoid transfers of property of the estate that occur after commencement of a bankruptcy case is generally given in section 549. Section 549 gives the trustee broad power to avoid a transfer of property that occurs after the commencement of the case. However, one class of transactions excepted from that power is transfers authorized by the court. The bankruptcy court authorized the grant of security interests by Russell to ITT and Suburban. Without such authorization, it is difficult to imagine Suburban and ITT surrendering their preferred positions as lessors and owners of the equipment. By its express terms, section 549 does not grant the trustee power to avoid the post-petition grant of the security interests at issue.
The trustee makes an odd argument regarding section 549. He argues that it does not apply because following confirmation of the Chapter 11 plan there is no estate so that the transfer of the security interests, as dated by their perfection, was not property “of the estate.” However, even if that were true, it is only one more reason why section 549 does not apply, meaning one more reason why the trustee *801 does not have the power he seeks. The inapplicability of section 549 does not help the trustee; it means that the trustee must look for another source for his claimed power. He has offered none, and we affirm.

AFFIRMED.

. For purposes of clarity of discussion, we have assumed that defendants’ security interests were perfected on the date that the Virginia Department of Motor Vehicles issued titles showing the security interests. Va.Code § 46.1-71. The precise date for which the interests were perfected is an issue of state law and one that need not be resolved in the present case. Similarly, the precise date that the transaction took effect between the parties need not be determined. The relevant federal bankruptcy fact is whether perfection occurred more than ten days after the transaction became effective between the parties. Whether the precise date that the transaction took effect between the parties was December 27, 1985, the date that the parties entered the agreement, or August 7, 1986, the date that the bankruptcy court approved it, and whether perfection was precisely at filing with the Department of Motor Vehicles or at issuance of titles or at some other date need not be determined. It need only be determined, and no party contests, that perfection of the security interests of both ITT and Suburban occurred more than ten days after the grant of the security interests became effective between the parties. The difference between the dates is here significant; but not the precise identity of them. *800 not shown in the public record, a greater interest was. Post-confirmation unsecured creditors could not have relied on Russell’s ownership of that equipment because the public record never showed it until it also showed the security interests of ITT and Suburban.

. An irony supposedly supports the trustee’s argument. The trustee champions the interests of unsecured creditors who deal with the reorganized debtor following confirmation of the Chapter 11 plan. He suggests that unsecured creditors dealing with that person will not normally know that the reorganized debtor has entered bankruptcy and “left” under a confirmed plan. The unsecured creditors will deal with that person as with any other and assume that if the person enters a Chapter 7 bankruptcy then they would have benefit of a return of preferential transfers made within ninety days prior to filing of the Chapter 7 petition. Under our resolution of the case, they do not get that benefit, since the preferences will date from an event earlier in time, the Chapter 11 filing, that the trustee says the post-confirmation unsecured creditors will not have known about.
While, in the abstract, that argument has merit, we reject it on the basis of the plain language of the statute. Further, the argument does not apply to the facts of the present case. The supposed prejudice to the post-confirmation unsecured creditors in the present case was that the public record (the motor vehicle titles) did not show, because of a failure to file, the security interests of ITT and Suburban in the tractors and trailers of Russell. But what did the public record show? It showed that ITT and Suburban were owners and lessors of the equipment and that the bankrupt’s status was that of a mere tenant. Thus, while the security interests were

. Section 544 is the third weapon, in addition to sections 547 and 549, in the trustee's arsenal. It grants the trustee status of a lien creditor as to property coming into possession of the bankruptcy court and the status of a judgment creditor, with execution returned unsatisfied, as to all other property. 11 U.S.C. § 544.

. The trustee advances two bases for distinction. The first is that a different code section is involved. The second is that the security interests in Nardulli were perfected prior to filing of the Chapter 11 petition. The first basis is trivial on its face, the second basis is trivial for two reasons. One, the security interests in the present case could not have been perfected prior to the filing of the Chapter 11 petition because they did not then exist. Two, the cases involve the same issue, what happens when security interests are approved by the bankruptcy court but during the period of post-confirmation operation they are not good against the world, but only good between the parties.