**In re Terrance Lee HERBST, Debtor.**

**No. 88–C–907–S.**

United States District Court, W.D. Wisconsin.

Dec. 29, 1988.

Steven Vollmer, Beloit, Wis., for debtor.

Peter M. Gennrich, Madison, Wis., Trustee.

Richard J. Cuellar, Madison, Wis., for U.S. trustee.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Debtor Terrance Lee Herbst seeks relief under Chapter 7 of the Bankruptcy Code. Appellant, M. Scott Michel, United States Trustee for the Western District of Wisconsin, appeals the order of the Bankruptcy Court denying appellant's motion to dismiss pursuant to 11 U.S.C. § 707(b). This Court granted appellant's motion for leave to appeal the Bankruptcy Court's interlocutory order pursuant to Bankruptcy Rule 8003 on October 11, 1988.

The Court has jurisdiction pursuant to 28 U.S.C. § 158. The following is a summary of the facts before the Court on this appeal.

## FACTS

Debtor Terrance Lee Herbst filed a petition for bankruptcy under Chapter 7, Title 11 of the United States Code on May 10, 1988. The schedules accompanying debtor's petition disclosed monthly income of $1,746.00 and monthly expenditures of $225.40. The debtor's schedules further disclosed secured debt in the amount of $16,360.00 and unsecured debt in the amount of $8,062.54. Debtor expressed his intent to surrender to secured creditors collateral valued at $11,300.00.

On July 27, 1988, the United States Trustee for the Western District of Wisconsin moved to dismiss debtor's petition pursuant to 11 U.S.C. § 707(b) on the grounds that it was a substantial abuse of the Bankruptcy Code. Pursuant to Rule 707(b) a

hearing was held on August 30, 1988 before the Bankruptcy Court. At the hearing the Bankruptcy Court declined to hear argument or evidence from either party. The Court stated:

> The matter is basically controlled, in my opinion, by the case of *Wallace E. Keniston,* a decision by Judge Yacos, out in New Hampshire, where he goes through in exhaustive, possibly exhausting detail, both the constitutional issues and the issues regarding the Legislative history involved in 707(b).
>
> I find no reason to take issue with Judge Yacos' analysis as set out in 85 Bankr. at 202. Judge Yacos has gone through it in great detail.
>
> As far as I can tell from reading what's been filed to date and what's been presented as agreed facts, there is in fact no issue other than the ability to pay more that has been raised as the substantial abuse under 707(b), and I just don't find that to be a substantial abuse for all the reasons set out in the *Keniston* case.
>
> There is no point in wasting our time with constitutional issues. When we get down to the merits of it, assuming the law is constitutional, you still can't prevail. I'm not ruling on constitutional grounds. There's no point in going through it.

Following the denial of his motion to dismiss, the U.S. Trustee brought a motion for leave to appeal before this Court. There being no opposition to the motion, the Court granted leave to appeal on October 11, 1988.

### MEMORANDUM

■ The principal issue in this appeal is the proper interpretation of the term "substantial abuse" as used in 11 U.S.C. § 707(b). The interpretation of § 707(b) is an issue of law subject to *de novo* review.

Section 707(b) provides:

> After notice and a hearing, the court, on its motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

The term "substantial abuse" is undefined in the Bankruptcy Code. In this case the Bankruptcy Court explicitly adopted the reasoning of *In re Keniston,* 85 B.R. 202 (D.N.H.1988). In so doing it implicitly rejected the reasoning of the Ninth Circuit Court of Appeals and every other bankruptcy court which has considered the issue. *In re Kelly,* 841 F.2d 908, 914 (9th Cir.1988). This Court declines to adopt the *Keniston* definition of substantial abuse.

The Court in *Keniston* conducted an extremely lengthy analysis of the history of bankruptcy law and the legislative history of the Bankruptcy Amendments and Federal Judgeship Act of 1984, which created § 707(b). Based upon constitutional concerns, an apparent lack of Congressional unanimity and the historic fresh start policy inherent in Bankruptcy law, *Keniston* concluded that § 707(b) was essentially intended to be meaningless:

> Under the narrow construction of § 707(b) which I here adopt, the dismissal power under § 707(b) is not essentially different from the established power of a bankruptcy court to dismiss a petition under any chapter of the Bankruptcy Code that is filed with a lack of good faith or as an abuse of process under §§ 105(b) and 707(a) of the Code.

85 B.R. at 223.

This result is contrary to the fundamental principal that the statutory construction should not render a statute superfluous. Furthermore, *Keniston* 's conclusion at 219 that Congressional failure to "express a collective mind and intent," is sufficient to deprive a law of impact would subject most legislative enactments to similar attack. Even an attempt to avoid a constitutional question cannot support Keniston's effort to "press statutory construction to the point of disingenuous evasion." *U.S. v.*

*Locke,* 471 U.S. 84, 96, 105 S.Ct. 1785, 1793, 85 L.Ed.2d 64 (1985).

The Court believes that some meaning must be given to § 707(b) beyond the previous bad faith standard. After reviewing the legislative history of the Act and the decisions of other courts which have considered the issue, the Court finds that the standard developed by the host of previous bankruptcy court decisions and adopted by the Ninth Circuit Court of Appeals is appropriate for the determination of a "substantial abuse."

Under this standard the principal factor to be considered is the ability of the debtor to repay debts for which discharge is sought. *In re Kelly,* 841 F.2d at 914. While the ability to fund a Chapter 13 plan is not a dispositive determination of ability to repay, it may serve as a useful guideline in assessing the principal factor. *In re Walton,* 69 B.R. 150 (E.D.Mo.1986).

 The Court must also consider all the facts and circumstances which may tend to aggravate or mitigate the abusiveness of the filing. Examples of other facts and circumstances to be considered are illness or other calamity which prompted the filing, obtaining of cash advances without intent to repay, the nature of the proposed budget of the debtor, and misrepresentation of schedules filed with the court. *In re Walton,* 69 B.R. 154. These examples are not exhaustive and each case must be examined on its own facts. However, in the absence of any additional facts a finding of substantial abuse may be supported solely by the ability to repay. *Kelly,* 841 F.2d 914.

The standard which the Court adopts is consistent with the congressional intent to preserve the historic policy of granting debtors a "fresh start" while limiting the ability of a debtor to obtain an unfair "head start" against creditors. (Statement of Senator Hatch, 130 Cong.Rec. S 8891, June 29, 1984.) The Bankruptcy Court in *In re Cord,* 68 B.R. 5, 7 (W.D.Mo.1986), aptly summarizes this Court's view of the purpose of § 707(b):

> But if discharges are granted which are not needed, and are only used to grant

an unwarranted economic advantage, then the Bankruptcy Laws will have been used to disturb the social fabric rather than to mend it. This potential for abuse is what Congress desired to extinguish in enacting § 707(b).

 The present record before the Court does not contain the parties' statement of agreed facts. In addition, the parties now suggest that additional factors, such as anticipated future expenses must be considered. Since the Bankruptcy Court ruled as a matter of law in reliance on *Keniston,* the hearing conducted on August 30, 1988, offered neither party an opportunity to present other evidence which may be appropriate. Accordingly, the matter must be remanded for further factual development.

In addition, the Bankruptcy Court having ruled against the Trustee based upon its statutory interpretation, declined to consider or permit briefing on the constitutional issues advanced by the debtor. Consideration of any constitutional issues must await the initial determination of whether the debtor's filing is a substantial abuse under the standard adopted here. *Gulf Oil v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693 (1981).

Accordingly,

### ORDER

IT IS ORDERED that this matter is REVERSED and REMANDED to the Bankruptcy Court for further proceedings consistent with this memorandum.