## In the Matter of Eddie CROSS and Ruth Ann Cross, Debtors.

### Eddie CROSS and Ruth Ann Cross, Plaintiffs,

v.

### UNITED STATES of America, Defendant.

### No. 90–C–442–S.

United States District Court,
W.D. Wisconsin.

Sept. 14, 1990.

George B. Goyke, Wausau, Wis., for plaintiffs.

Mary E. Bielefeld, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

This is an appeal by the United States of the Bankruptcy Court's decision determining that the debtors' 1983 federal income taxes are dischargeable in their Chapter 7 bankruptcy proceeding. This Court has jurisdiction over the final order of the Bankruptcy Court pursuant to 28 U.S.C. §§ 158(a) and 1334. Because there are no factual disputes the Bankruptcy Court's decision was a conclusion of law which this Court reviews *de novo*. *In re Herbst*, 95 B.R. 98, 100 (W.D.Wis.1988).

The following is a summary of the relevant undisputed facts.

## FACTS

Plaintiff Eddie Cross' 1983 federal income tax return was due April 15, 1984. On April 24, 1984, Eddie Cross filed a voluntary Chapter 11 bankruptcy petition. Plaintiffs' income tax liability for the year 1983 was $2999.85 as of April 24, 1984.

On June 20, 1989, Eddie Cross converted his Chapter 11 bankruptcy proceeding to a Chapter 7 proceeding and it was joined with the pending chapter 7 case of Ruth Ann Cross on June 29, 1989.

## MEMORANDUM

This case presents a single issue of law: Whether the conversion of plaintiff Eddie Cross' bankruptcy case from Chapter 11 to Chapter 7 after more than three years rendered his 1983 income tax liability a dischargeable debt. The issue is potentially governed by four sections of the Bankruptcy Code which the Court now sets forth in relevant part:

§ 348. Effect of conversion.

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chap-

ter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

(b) unless the court for cause orders otherwise, in sections ... 727(b) ... of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under § 706, 1112, 1307, or 1208 of this title means the conversion of such case in such chapter.

\*   \*   \*   \*   \*   \*

§ 727. Discharge.

(b). Except as provided in § 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter ...

\*   \*   \*   \*   \*   \*

§ 523. Exception to discharge.

(a). A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section ... 507(a)(7)....

\*   \*   \*   \*   \*   \*

§ 507. Priorities.

(a) The following expenses and claims shall have priority in the following order:
...

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

Having carefully reviewed the sections above the Court concludes that the Bankruptcy Court erred in finding these statutes to be ambiguous. Because the statutes are susceptible to only one interpretation it was unnecessary to consult legislative history to assist in their interpretation. Specifically, the Court believes that the following interpretation is the only reasonable one which can be derived from the combination of the bankruptcy sections cited above.

The Court begins with § 727 which provides for the discharge of debts in a Chapter 7 case. Section 727(b) unmistakeably excepts from its coverage those debts excepted by § 523. Section 523(a) provides that taxes which are accorded a preference under § 507(a)(7) are nondischargeable. Section 507(a)(7) affords a preference to income taxes for which a return was last due after three years before the date of the "filing of the petition."

The final step in the process is to determine whether the phrase "the filing of the petition" in § 507(a)(7) refers to the filing of the initial Chapter 11 petition or the conversion from Chapter 11 to Chapter 7. Section 348(a) leaves no doubt that the meaning of the term "filing of the petition" is the filing of the original Chapter 11 petition. Since the filing of the Chapter 11 petition was less than three years after the due date of the return the debt is nondischargeable. The effect of these provisions is to preserve the priority status of taxes incurred within three years of the filing of the initial Chapter 11 petition.

Section 348(b), since it does not refer to either § 507 or § 523, is not applicable in the analysis. Although § 348(b) does apply generally to the discharge provisions of § 727 its application is expressly excluded from the determination of exceptions to discharge by the first phrase of § 727(b). Section 348(b) renders dischargeable debts that were incurred during the administration of the Chapter 11 case, however it has no effect on the status of debts which were nondischargeable in the Chapter 11 case.

The only other court that has directly considered the issue interpreted these sections in the same manner. *Roth v. United States*, 89–1 USTC ¶ 9302, 1988 WL 161286 (Bankr.D.Neb.1988). In *Roth* the Court also found that the statutes were unambiguous. It noted that a contrary interpreta-

tion would permit the debtor to manipulate the dischargeability of debts through conversion.

The debtors rely upon *In re Lindberg*, 735 F.2d.1087 (8th Cir.1984) which considered the analogous issue whether the phrase "filing of the petition" in § 522(b)(2)(A) prohibited the amendment of exemptions after conversion from Chapter 13 to Chapter 7 to encompass a newly acquired homestead. The Court held that adjustment of exemptions was appropriate notwithstanding the limitation in § 522 that exemptions are governed by the law applicable at the time of the filing of the petition. The Court noted that the unique purposes and administration of Chapter 13 cases required that the date of conversion be applied for purposes of claiming exemptions. *Id.* at 1089–90.

Whatever the vitality of *Lindberg*, it is clear that its reasoning cannot be extended to conversions from Chapter 11. The 5th Circuit extensively reviewed *Lindberg* and concluded:

> Thus the court in *Lindberg* found that the statutory language in Sections 522(b) and 348(a) was offset by considerations of administration and policy under chapter 13, which we have just enumerated. Because the offsetting considerations are both fewer and weaker in the context of chapter 11, we conclude that the language of the statute controls and that the exemption eligibility is determined as of the original chapter 11 filing date.

*In re Williamson*, 804 F.2d 1355, 1361 (1986). Although *Williamson* declined to expressly overrule *Lindberg*, it seriously questioned its reasoning and refused to extend its application to Chapter 11. Similarly, this Court finds no justification for extending *Lindberg*'s questionable holding beyond exemptions in Chapter 13 conversions.

The debtor's also rely upon *In re Hoggarth*, 78 B.R. 1000 (Bankr.D.N.D.1987) which refused to literally apply § 348(a) to preferences governed by § 547. Like *Lindberg*, *Hoggarth* has been criticized and read very narrowly. *Vogel v. Russell Transfer, Inc.*, 852 F.2d 797, 799 (4th Cir.

1988). In *Vogel*, the Court expressly rejects the plaintiffs efforts to ignore the unambiguous language of § 348(a):

> The trustee attempts to make a policy argument for adopting other than the literal reading of section 348. He argues that if a transfer occurs after a Chapter 11 reorganization plan has been confirmed then the ninety day period of section 547 should be measured from the date of conversion to Chapter 7. The trustee, however, swims against a strong tide of authority.

*Id.* at 798–99. Accordingly, the Court found it unnecessary to engage in policy considerations but applied the statute as it is written. *Id.* at 799.

This Court is entirely unpersuaded by the limited authority that has departed from the admittedly unambiguous language of the Code to reach perceived policy goals. Section 523(a) excepts the 1983 income tax liability of debtor Eddie Cross from discharge.

## ORDER

IT IS ORDERED that the judgment of the Bankruptcy Court is REVERSED.