In re PKR, P.C., a New Mexico corporation, Debtor.

Bill J. SHOLER, Trustee, by and through ALBUQUERQUE PLAZA PARTNERS, Plaintiff–Appellee,

v.

Douglas CARMICHAEL, Defendant–Appellant.

Peterson Consulting, Inc., Defendant.

BAP No. NM–97–043.
Bankruptcy No. 93–13221.
Adversary No. 95–1279.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

April 8, 1998.

---

Submitted on the briefs: *

Michael F. Menicucci, Michael F. Menicucci & Associates, P.C., Albuquerque, NM, for Defendant–Appellant.

Walter L. Reardon, Jr., Watrous & Reardon, Albuquerque, NM, for Plaintiff–Appellee.

Before BOHANON, PEARSON, and CORNISH, Bankruptcy Judges.

## OPINION

PEARSON, Bankruptcy Judge.

Douglas R. Carmichael ("Carmichael"), a creditor in the above-captioned Chapter 11 case, appeals an order of the Bankruptcy Court for the District of New Mexico granting summary judgment in favor of the trustee both on his complaint to avoid an unauthorized postpetition transfer pursuant to 11 U.S.C. § 549, and on Carmichael's counterclaim. For the reasons set out below, the decision of the bankruptcy court is affirmed.

---

* After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed.R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

## JURISDICTION

A Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As neither party has opted to have the appeal heard by the District Court for the District of New Mexico, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001–1(c).

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013. *See First Bank v. Reid (In re Reid),* 757 F.2d 230, 233–34 (10th Cir.1985). Conclusions of law are reviewed *de novo. Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

Neither party challenges the jurisdiction of this panel to review the bankruptcy court's order granting summary judgment.

## FACTS

The debtor law firm, P.K.R., P.C. ("PKR"), is a New Mexico professional corporation that was retained by the Resolution Trust Corporation and the Federal Deposit Insurance Corporation (hereinafter collectively "FDIC") to provide legal services in investigating and evaluating claims that arose from the failure of ABQ Bank in Albuquerque, New Mexico.

PKR retained Carmichael to provide expert services on behalf of the FDIC. Carmichael's invoices were to be submitted to PKR in a format approved by the FDIC. PKR included Carmichael's fees in its billings to the FDIC. The FDIC was to pay PKR, which in turn was to pay Carmichael.

At issue here are two bills for expert services provided by Carmichael in June and July of 1993. On July 5, 1993, Carmichael submitted a bill of $4,410.00, and on August 3, 1993, submitted a bill of $3,776.00. PKR billed the FDIC, including the amounts billed

by Carmichael, on July 31, 1993, and August 3, 1993.

PKR filed for Chapter 11 relief on October 29, 1993. A Chapter 11 trustee was appointed, and the Chapter 11 was subsequently converted to Chapter 7.[1]

On December 6, 1993, the FDIC paid PKR $4,410.00 for Carmichael's services. PKR then issued a check to Carmichael in that amount on January 28, 1994. The FDIC paid PKR for Carmichael's second billing in the amount of $3,776.00 on March 9, 1994. PKR deposited the funds directly into its debtor-in-possession general account, but never paid Carmichael.

On September 13, 1994, the Chapter 11 trustee moved to pay Carmichael $3,776.00, but the motion was dismissed without prejudice. Subsequently, the bankruptcy court authorized Albuquerque Plaza Partners to file an adversary proceeding under § 549(a)(2)(B) on behalf of the trustee against Carmichael to recover the $4,410.00 that PKR paid to Carmichael. Carmichael answered and asserted a counterclaim for $3,776.00.

Both sides moved for summary judgment. After a hearing, the bankruptcy court granted summary judgment to the trustee on both the complaint and Carmichael's counterclaim. Carmichael was ordered to repay the $4,410.00 he received postpetition. Carmichael appeals.

## DISCUSSION

A trial court's grant of summary judgment is reviewed de novo. *Universal Money Ctrs., Inc. v. AT & T,* 22 F.3d 1527, 1529 (10th Cir.1994). *See Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990 (10th Cir. BAP 1997). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). *See Straight v. First Interstate Bank (In re Straight),* 207 B.R. 217 (10th Cir. BAP 1997). The facts are viewed in the light most favorable to the party opposing summary judgment. *Applied Genet-*

---

1. The dates of appointment and conversion are     not contained in this record.

*ics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

The bankruptcy court held that the $4,410.00 payment to Carmichael was an unauthorized postpetition transfer pursuant to § 549 of the Bankruptcy Code, which provides:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

    (1) that occurs after the commencement of the case; and

    (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

    (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a).

Carmichael presents three issues on appeal. First, Carmichael argues that the payments PKR received from the FDIC for Carmichael's expert services were not property of the estate because they were held by PKR in a constructive trust for Carmichael's benefit. Second, in the event that the payments PKR received from the FDIC are found to be property of the estate, Carmichael contends that the $4,410.00 payment he received from PKR was an authorized transfer under 11 U.S.C. § 1108 made in the ordinary course of PKR's business. Third, Carmichael argues that the payments were not property of the estate because PKR held the funds as an agent for the FDIC.

Regarding Carmichael's first contention, he asserts that under a constructive trust theory, the FDIC's payments to PKR for expert services were not property of the estate. Therefore, the bankruptcy court erred as a matter of law in granting the trustee judgment under § 549.

The bankruptcy court correctly rejected Carmichael's constructive trust argument. The applicability of constructive trusts in bankruptcy proceedings has been the subject of a contentious, contradictory, and expanding body of case law. Numerous courts have held that constructive trusts are not recognized or imposed in bankruptcy proceedings unless the trust was imposed either statutorily or judicially prior to the bankruptcy.[2] In

---

2. For instance, in *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443 (6th Cir.1994), the court noted the following:

> Unless a court has already impressed a constructive trust upon certain assets ... the claimant cannot properly represent to the bankruptcy court that he was, at the time of the commencement of the case, a beneficiary of a constructive trust held by the debtor.
>
> ....
>
> ... Because a constructive trust, unlike an express trust, is a remedy, it does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment 'impressing' the ... property or assets with a constructive trust.

*Id.* at 1449–51. *See also Stewart v. East Tenn. Title Ins. Agency, Inc. (In re Union Sec. Mortgage Co.),* 25 F.3d 338 (6th Cir.1994) (holding a constructive trust was unavailable since it had not been imposed prior to the bankruptcy); *Berger, Shapiro & Davis, P.A. v. Haeling (In re Foos),* 183 B.R. 149, 154 (Bankr.N.D.Ill.1995) ("[I]n a bankruptcy case filed before another court has imposed a constructive trust, the 'beneficiary' is merely an unsecured creditor, with no interest in the disputed property."); *Monfort, Inc. v. Kunkel (In re Morken),* 182 B.R. 1007 (Bankr.D.Minn. 1995).

As the Supreme Court noted in *Begier v. IRS,* 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990), equality of distribution among similarly situated creditors remains one of the central policies of bankruptcy law. A constructive trust, based in common law concepts of restitution, has been criticized as a violation of that cardinal policy. One court explained as follows:

> Several bankruptcy decisions express the concern that assertions of trust or agency may be made by unsecured creditors to effectively elevate their claims to secured status, without the notice to other creditors that a secured claim ordinarily requires.
>
> > The requirements of a constructive trust in this setting may seem formalistic. But it is entirely appropriate to insist on their full rigor, since constructive trust doctrine creates a mechanism by which a creditor may attain a position roughly equivalent to a perfected security interest in proceeds without complying with the usual statutory formalities ... and thus to undercut the statutory scheme.

*Almar Communications, Ltd. v. Telesphere Communications, Inc. (In re Telesphere Communications, Inc.),* 167 B.R. 495, 503–04 n. 5 (Bankr. N.D.Ill.1994) (citation omitted) (quoting *In re Auto–Train Corp., Inc.,* 810 F.2d 270, 275 (D.C.Cir.1987)), *rev'd on other grounds,* 205 B.R. 535 (N.D.Ill.1997). *See also Bast v. Johnson (In re Johnson),* 174 B.R. 537, 542 (Bankr.W.D.Mo. 1994) (to allow a creditor a constructive trust would enable that creditor to " 'lop off a piece of the estate' " and circumvent the Bankruptcy

contrast, other courts suggest that constructive trusts are applicable in the bankruptcy context.[3]

Generally, a bankruptcy court must look to state law to determine whether a constructive trust is applicable. *See Taylor v. Rupp (In re Taylor)*, 133 F.3d 1336, (10th Cir.1998) ("The existence and extent of [the debtor's] interest is determined by state law."); *Amdura Nat'l Distribution Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1452 (10th Cir.1996) ("We look to state law ... to determine when the constructive trust doctrine applies."). The Tenth Circuit has indicated that in order to impose a constructive trust in a bankruptcy proceeding, the following requirements must be demonstrated:

> In order to obtain a constructive trust over property of a bankrupt, a party must (1) show either sufficient wrongdoing by the bankrupt in acquiring the property or a fiduciary relationship between the party and the bankrupt, and (2) be able to trace the wrongfully-held property.

*United States Dep't of Energy v. Seneca Oil Co. (In re Seneca Oil Co.)*, 906 F.2d 1445, 1449 (10th Cir.1990).[4]

In the present case, under New Mexico law, " '[a] constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' " *Bassett v. Bassett*, 110 N.M. 559, 798 P.2d 160, 167 (1990) (quoting 5 SCOTT & FRATCHER, THE LAW OF TRUSTS § 462 (4th ed.1989)). One court explained:

> Code's system of distribution (quoting *Omegas Group*, 16 F.3d at 1453)); *Oxford Organisation, Ltd. v. Peterson (In re Stotler & Co.)*, 144 B.R. 385, 388 (Bankr.N.D.Ill.1992) ("Imposition of a constructive trust clearly thwarts the policy of ratable distribution and should not be impressed cavalierly."). *See generally* Andrew Kull, *Restitution in Bankruptcy: Reclamation and Constructive Trust*, 72 AM. BANKR.L.J. —— (forthcoming 1998).

3. *See Taylor v. Rupp (In re Taylor)*, 133 F.3d 1336 (10th Cir.1998) (holding that imposition of a constructive trust was not warranted under the facts of the case); *Amdura Nat'l Distribution Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d

A constructive trust ... is not imposed to effectuate the intention of the parties, but is imposed to prevent the unjust enrichment that would result if the person having the property were permitted to retain it. The circumstances where a court might impose such a trust are varied. They may include fraud, constructive fraud, duress, undue influence, breach of a fiduciary duty, or *similar wrongful conduct.*

*Aragon v. Rio Costilla Coop. Livestock Ass'n*, 112 N.M. 152, 812 P.2d 1300, 1304 (1991) (citations omitted, emphasis supplied).

Here, the trustee received the funds postpetition for payment of a prepetition debt in the process of liquidating PKR's receivables. The relationship between PKR and Carmichael is creditor-debtor. Carmichael cites no legal authority for the proposition that the relationship of creditor-debtor is sufficient to support the imposition of a constructive trust under either New Mexico law or that of any other jurisdiction. If the retention of funds or goods by an insolvent debtor were sufficient to support a claim for a constructive trust, the entire bankruptcy system would be unworkable. As one court noted:

> [A]ny claim of unjust enrichment must take into account the circumstances in which it is made.... Whenever a debtor retains a benefit afforded it by a creditor without paying that creditor in full, the estate is arguably "unjustly enriched." Yet this situation is a result of a congressional policy choice incorporated into the Bankruptcy Code, and born of the reality that an insolvent debtor, by definition, is

1447, 1452 (10th Cir.1996); *United States Dep't of Energy v. Seneca Oil Co. (In re Seneca Oil Co.)*, 906 F.2d 1445 (10th Cir.1990) (refusing to impose a constructive trust on behalf of a subsidiary); *Skilled Nursing Professional Servs. v. Sacred Heart Hospital (In re Sacred Heart Hospital)*, 175 B.R. 543 (Bankr.E.D.Pa.1994) (holding that plaintiffs failed to establish any misconduct on part of debtor or any confidential relationship required for imposition of constructive trust under Pennsylvania law).

4. Here, Carmichael did not address the tracing element beyond stating that the payment from the FDIC was paid into the debtor's bank account.

unable to satisfy in full the debts owed to its creditors.

*First Security Bank v. Gillman*, 158 B.R. 498, 507 (D.Utah 1993) (citations omitted).

The bankruptcy court was correct in its refusal to impose a constructive trust. Under the facts of this case, a constructive trust is simply not applicable.

■ Carmichael next argues that the $4,410.00 payment from PKR was made in the ordinary course of business pursuant to 11 U.S.C. § 1108. Carmichael's reliance on § 1108 is misplaced. PKR was liquidating its assets when it paid Carmichael on his prepetition claim. As the debtor-in-possession, its operations were confined to collecting its receivables and liquidating its personal property. Appellee's Brief-in-Chief at 1; Appellant's Appendix at 105–107. Payment for *prepetition* services was not in the ordinary course of business. "Although Code § 1108 authorizes a debtor in possession to operate its business interest without further order of the court, this section does not authorize the debtor to make postpetition payments with respect to prepetition debts." 4 NORTON BANKRUPTCY LAW AND PRACTICE 2d § 77:4 (William L. Norton, Jr., ed., 2nd ed.1994). *See also Hoffman v. Portland Bank (In re Hoffman)*, 51 B.R. 42, 46 (Bankr.W.D.Ark.1985) ("Section 1108 authorizes a debtor-in-possession to operate in business without further order of the court, but this section does not authorize postpetition payment of prepetition debts.").

■ Finally, Carmichael asserts in his reply brief that PKR held the payments as agent for the FDIC and, therefore, the funds did not become part of the bankruptcy estate. On the record before this panel it is impossible to determine whether Appellant raised the agency theory before the bankruptcy court. However, even assuming that the issue is properly before the panel, Carmichael's agency theory must fail since only the principal, the FDIC, would be entitled to the funds. The FDIC has not asserted that PKR acted as its agent or that it is entitled to recover the funds.

The bankruptcy court's order granting summary judgment in favor of Appellee is **AFFIRMED**.