In re ALLEGHENY HEALTH, EDU-
CATION AND RESEARCH FOUN-
DATION, et al., Debtors.

William J. Scharffenberger, as Chapter
11 Trustee of Allegheny Health, Edu-
cation and Research Foundation, et
al., Plaintiffs,

v.

Deborah F. Billmire, M.D., Stephen P.
Dunn, M.D., William H. Weintraub,
M.D., Charles D. Vinocur, M.D., Karin
S. Bierbrauer, M.D., Gary Magram,
M.D., Bradley W. Robinson, M.D.,
Barbara J. Wolfson, M.D., Roy. E.
Schwartz, M.D., J. Jeffrey Malatack,
M.D., Eleanor Smergel, M.D., Eric. N.
Faeber, M.D., Even Geller, M.D.,
David A. Lowe, M.D., and Christine
Schlichting, M.D., Defendants.

Bankruptcy No. 98–25773–MBM.
Adversary No. 99–2495–MBM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 31, 2004.

Proskauer Rose, LLP, New York City, Sable, Pusateri, Rosen, Gordon & Adams, Pittsburgh, PA, David I. Swan, Robert G. Sable, McGuire Woods, LLP, Pittsburgh, PA, for William J. Scharffenberger, trustee.

Joseph S. Sisca, Kathleen Robb, on behalf of United States Trustee, Pittsburgh, PA, for U.S. Trustee.

David G. Heiman, Richard M. Cieri, Jones, Day, Reavis & Pogue, Cleveland, OH, Douglas Anthony Campbell, Roger Martin Bould, Stanley Edward Levine, Campbell & Levine, LLC, Pittsburgh, PA, James Matour, Middleman & Matour, PC, Philadelphia, PA, for Official Creditor's Committee.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **31st day** of **August, 2004,** upon consideration of (a) the March 13, 2002 Order by the United States District Court, W.D. Pa., regarding the above-captioned adversary proceeding, wherein the District Court, upon consideration of the appeal by the instant defendants (hereafter "the Defendants") of this Court's prior order in the instant proceeding dated December 11, 2000 (hereafter "the December 11, 2000 Order"), remanded to this Court such proceeding so that this Court could address, in writing, three particular arguments—actually three particular defenses, only two of which are formally raised in the Defendants' answer—raised by the Defendants in response to the complaint brought by the instant plaintiff, the Chapter 11 Trustee for the instant debtors (hereafter "the Trustee"), for avoidance, pursuant to 11 U.S.C. § 549(a), of certain post-petition transfers made by the instant debtors (hereafter "the Debtor") to the

Allegheny Health, Education and Research Foundation, Pittsburgh, PA, Pro se.

Defendants (hereafter "the Remand Arguments"), (b) the December 11, 2000 Order, wherein this Court granted summary judgment in the instant adversary proceeding in favor of the Trustee and, in taking such action, expressly ruled that the post-petition transfers in question—i.e., post-petition monetary payments of pre-petition contractual incentive obligations that were due to each of the Defendants (hereafter "the Post–Petition Transfers")—were not authorized by this Court's first-day order in the instant bankruptcy case dated July 21, 1998 (hereafter "the July 21, 1998 Order"), and (c) the various exhibits filed by the parties in the instant proceeding;

and upon consideration, in particular, of the Remand Arguments raised by the Defendants, namely that the Post–Petition Transfers cannot be avoided pursuant to § 549(a) because (a) the Defendants properly relied on the July 21, 1998 Order that, according to the Defendants, authorized such transfers, (b) they were authorized, pursuant to 11 U.S.C. § 1108, as transfers that were made in the ordinary course of the Debtor's business, and (c) they were authorized as transfers that were necessary to preserve the assets of the Debtor's bankruptcy estate;

and after notice and several pretrial conferences held on the matter, and since the parties have agreed to submit the matter to the Court for resolution based solely upon the various exhibits and briefs that have been filed by the parties,

it is **now hereby ORDERED, ADJUDGED, AND DECREED** that

(a) the Post–Petition Transfers are avoidable under § 549(a) notwithstanding any alleged reliance by the Defendants—or, more appropriately, by officials of the Debtor—on the July 21, 1998 Order (i) because, contrary to the assertion by the Defendants, such order, as the Court expressly ruled in the December 11, 2000 Order, did not serve to authorize such transfers, and (ii) since such latter ruling by the Court has not been disturbed by the District Court, indeed has not even been contested by the Defendants, on appeal;

(b) the Post–Petition Transfers were not authorized under § 1108 as "ordinary course" payments, which means, consequently, that such transfers are not thereby shielded from avoidance under § 549(a);

(c) the Post–Petition Transfers were not authorized as transfers that were necessary to preserve the assets of the Debtor's bankruptcy estate, which means, consequently, that such transfers are not thereby shielded from avoidance under § 549(a); and

(d) **the Post–Petition Transfers, in light of the foregoing, and consistent with the Court's prior decision contained in the December 11, 2000 Order, shall be, and thus are, avoided pursuant to § 549(a).**

The rationale for the Court's decision is set forth in detail below.

### I.

With but two exceptions that are inapplicable to the instant matter, a bankruptcy trustee may, pursuant to § 549(a), avoid a post-petition transfer of property of a debtor's bankruptcy estate "that is not authorized under ... [the Bankruptcy Code] or by the court." 11 U.S.C.A. § 549(a) (West 1993).[1]

---

1. Post-petition transfers of bankruptcy estate property that are "authorized only under section 303(f) or 542(c) of" the Bankruptcy Code are also avoidable under § 549(a) notwithstanding such authorization. See 11 U.S.C.A. § 549(a)(2)(A). The parties agree that the

The Trustee in the instant matter seeks to avoid the Post–Petition Transfers pursuant to § 549(a) and argues, in support of such action, that such transfers were neither authorized under the Bankruptcy Code nor authorized by the Court. The Defendants formally raise three defenses in their answer to the Trustee's § 549(a) action, namely that such transfers were authorized (a) pursuant to 11 U.S.C. § 1108 as transfers that were made in the ordinary course of the Debtor's business, (b) pursuant to the July 21, 1998 Order, and (c) as transfers that were necessary to preserve the assets of the Debtor's bankruptcy estate.

As an initial matter, the Court notes, as set forth above, that the Defendants have failed to raise as an issue on appeal whether the Court erred in holding, as it did in the December 11, 2000 Order, that the July 21, 1998 Order did not serve to authorize the Post–Petition Transfers—such holding by the Court is, of course, the converse of the second defense raised by the Defendants in their answer. Because the Defendants have failed to raise such issue on appeal, the District Court remanded the instant adversary proceeding to this Court with an express direction to address, not surprisingly, only the Remand Arguments, none of which are, or subsume, the argument that the July 21, 1998 Order did serve to authorize the Post–Petition Transfers. Accordingly, the Court, when executing the remand directions of the District Court, shall refrain from further addressing its prior ruling that, indeed must necessarily proceed as if,

the July 21, 1998 Order did not serve to authorize the Post–Petition Transfers.[2]

While the substance of the second defense raised by the Defendants in their answer does not appear to have been preserved as an issue for appeal, the substance of the other two defenses that are raised in the answer have been preserved for appeal. The other issue that the Defendants raise on appeal, that is that the Post–Petition Transfers may not be avoided under § 549(a) because the Defendants properly relied on the July 21, 1998 Order, is one that the Defendants have technically failed to formally raise as a defense in their answer but one which they raise in other papers that they filed prior to the Court's entry of the December 11, 2000 Order. The three issues raised on appeal by the Defendants constitute, as set forth above, what the Court has referred to herein as the Remand Arguments.

## II.

■ Addressing first the Remand Argument that the Post–Petition Transfers may not be avoided under § 549(a) because the Defendants properly relied on the July 21, 1998 Order, the Court notes that the Defendants rely on decisions in three cases as supportive of such position, namely *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458 (6th Cir.1991); *In re Parker Steel Co.*, 149 B.R. 834 (Bankr.N.D.Ohio 1992); and *Vogel v. Russell Transfer, Inc.*, 852 F.2d 797 (4th Cir.1988). The courts in *Chattanooga, Parker Steel*, and *Vogel* did indeed hold that (a) particular creditors therein were entitled to rely on the finality

Post–Petition Transfers were not authorized under either §§ 303(f) or 542(c).

**2.** As an aside, even if the Defendants had chosen to raise on appeal the issue of whether the Court erred in holding, as it did in the December 11, 2000 Order, that the July 21, 1998 Order did not serve to authorize the

Post–Petition Transfers, the District Court obviously would not have, in any event, remanded the instant adversary proceeding to the Court so as to address that particular issue given that the Court has already expressly dealt with such issue.

of orders entered by such courts that authorized certain post-petition transfers to such creditors, and (b) such post-petition transfers, because they were so authorized, could not be avoided by the bankruptcy trustees therein under § 549(a). *See Chattanooga*, 930 F.2d at 462–463; *Parker Steel Co.*, 149 B.R. at 856; *Vogel*, 852 F.2d at 800. However, and unfortunately for the Defendants, *Chattanooga*, *Parker Steel*, and *Vogel* are easily distinguishable from the instant matter because, in contrast to the court-authorized post-petition transfers at issue in such latter decisions, the Post–Petition Transfers in the instant matter were never authorized by the Court, be it via the July 21, 1998 Order or otherwise. Moreover, *Chattanooga*, *Parker Steel*, and *Vogel* do not stand, and thus cannot properly be cited, for the proposition, perhaps advanced by the Defendants on appeal, that a post-petition transfer is shielded from avoidance under § 549(a) if a transferee incorrectly, albeit innocently and perhaps in good faith, relies on a court order as authorizing a transfer that is not, in fact, authorized by such court order. Consequently, because the July 21, 1998 Order did not serve to authorize the Post–Petition Transfers, that the Defendants may have relied, indeed are entitled to rely, on the finality of such order does not operate to preclude the Trustee from avoiding such transfers under § 549(a).

The Court notes that, save for the lone fact that the July 21, 1998 Order did not serve to authorize the Post–Petition Transfers, which fact was found by the Court in the December 11, 2000 Order, no other fact need be found in order to resolve the Defendant's first Remand Argument regarding proper reliance upon the July 21, 1998 Order. However, the Court notes as an aside that, if it were relevant to the outcome of such Remand Argument whether it was appropriate for the Defendants—actually, whether it was appropri-ate for officials of the Debtor—to construe the July 21, 1998 Order as authorizing the Post–Petition Transfers, then the Court finds that such construction of such order by the Debtor's officials was wholly inappropriate. The Court makes such finding if for no other reason than that, as evidenced by the colloquy between counsel for the Debtor and the Court on July 21, 1998, *see* December 11, 2000 Order, at 1–2 (quoting from transcript of July 21, 1998 hearing, at p. 27), the Debtor and its counsel were precisely aware on such date that they did not seek, by entry of the July 21, 1998 Order, to obtain authorization to make such extraordinary transfers as were the Post–Petition Transfers. Also relevant to such finding by the Court is its finding, in turn, that, before officials of the Debtor consummated the Post–Petition Transfers, they consulted with their bankruptcy counsel as to the propriety of such action. *See* December 11, 2000 Order, at 2 (such finding is confirmed by the pleadings, as well as certain of the deposition exhibits, filed subsequent to remand).

## III.

As for the Remand Argument that the Post–Petition Transfers were authorized, pursuant to 11 U.S.C. § 1108, as transfers that were made in the ordinary course of the Debtor's business, the Court must reject such position outright as a matter of law. As set forth above, and as the parties agree, the Post–Petition Transfers were comprised entirely of post-petition monetary payments of pre-petition contractual incentive obligations that were due to each of the Defendants. However, and unfortunately for the Defendants, "'[a]lthough Code § 1108 authorizes a debtor in possession to operate its business interest without further order of the court, this section does not authorize the debtor to make postpetition payments with

respect to prepetition debts.'" *In re PKR, P.C.*, 220 B.R. 114, 119 (10th Cir. BAP 1998) (quoting from 4 *Norton Bankruptcy Law and Practice 2d* § 77:4 (William L. Norton, Jr., ed., 2nd ed.1994)); *see also In re Hoffman*, 51 B.R. 42, 46 (Bankr. W.D.Ark.1985) (same); 5 *Collier on Bankruptcy*, ¶ 549.04[3] at 549–10 n. 11 (Bender 2004) (same, citing *Hoffman* ); *Chattanooga*, 930 F.2d at 465 ("To hold that ... [a post-petition payment of a pre-petition debt is] authorized by §§ 1107 and 1108 ... would clothe the debtor with power to treat unsecured creditors differently. Such a holding would run counter to one of the fundamental purposes of bankruptcy— equal treatment of unsecured creditors."). Therefore, the Post–Petition Transfers could not have been authorized, pursuant to 11 U.S.C. § 1108, as transfers that were made in the ordinary course of the Debtor's business, which means, consequently, that such transfers are not thereby shielded from avoidance under § 549(a).

## IV.

■ Finally, the Court must also reject, essentially as a matter of law, the last of the Remand Arguments, that is that the Post–Petition Transfers were authorized as transfers that were necessary to preserve the assets of the Debtor's bankruptcy estate.

■ After careful consideration, the Court holds that 11 U.S.C. § 105(a) provides the sole potential statutory support for a court, on the basis of necessity, to allow the post-petition payment of a prepetition debt. *See In re CoServ, L.L.C.*, 273 B.R. 487, 493 (Bankr.N.D.Tex.2002) ("The Court finds no support in Section 549 or Section 363(b)(1) for [the post-petition] payment of prepetition claims. Only Section 105(a) offers the equitable muscle that would allow a bankruptcy court to" authorize post-petition payment of such

claims.); *but see 2 Collier on Bankruptcy*, ¶ 105.04[5][a] at 105–74 (Bender 2004) (citing cases for the proposition that § 105(a) does not allow for the authorization by a court of post-petition payments of pre-petition debts). Furthermore, if such authorization is permitted under § 105(a), it can only be granted "under the most extraordinary circumstances," *CoServ*, 273 B.R. at 494, which means that a showing of such extraordinary circumstances must necessarily precede authorization by a court of the post-petition payment of pre-petition debt, *see 2 Collier on Bankruptcy*, ¶ 105.04[5][a] at 105–77 to 78. Finally, such authorization, presuming that the requisite showing has been made, arises not automatically from § 105(a) but only from an order that is ultimately issued by a court. *See* 11 U.S.C.A. § 105(a) (West 1993).

Unfortunately for the Defendants, absolutely no showing of extraordinary circumstances vis-a-vis the Post–Petition Transfers was attempted or, for that matter, even contemplated, let alone successfully executed, prior to the Court's entry of the July 21, 1998 Order. Consequently, the July 21, 1998 Order could not even conceivably have served to authorize, via § 105(a) and the "doctrine of necessity," the Post–Petition Transfers. Moreover, it presently matters not for purposes of the instant § 549(a) action whether, as the Defendants apparently now argue, the Post–Petition Transfers were sufficiently necessary such that, had a requisite showing of extraordinary circumstances been attempted prior to the entry of the July 21, 1998 Order, such showing would have been successful and then supported authorization of the Post–Petition Transfers; what is relevant, instead, is that such requisite showing of extraordinary circumstances was never executed prior to the entry of the July 21, 1998 Order. Also, and of course,

the Court certainly will not now authorize the Post–Petition Transfers *nunc pro tunc* via § 105(a) and the "doctrine of necessity."

Therefore, the Post–Petition Transfers were not authorized as transfers that were necessary to preserve the assets of the Debtor's bankruptcy estate, which means, consequently, that such transfers are not thereby shielded from avoidance under § 549(a).

■ The Court notes that, save for the lone fact that no showing of extraordinary circumstances vis-a-vis the Post–Petition Transfers was successfully executed prior to the Court's entry of the July 21, 1998 Order, no other fact need be found in order to resolve the Defendant's last Remand Argument regarding the necessity of such transfers. However, the Court notes as an aside that, if it were relevant to the outcome of such Remand Argument whether a showing of extraordinary circumstances could now be successfully executed by the Defendants, then the Court finds that such showing, subsequent to remand from the District Court, still has yet to be made. The Court so finds because, *inter alia*, evidence introduced subsequent to such remand establishes that 102 physicians in the Debtor's Eastern Region operations existed who were entitled to, but who did not receive, payment of pre-petition contractual incentive obligations that were due to them, yet only three (3) of such physicians voluntarily ceased employment with the Debtor subsequent to the commencement of the instant bankruptcy case—such evidence belies the position by the Defendants that payment by the Debtor of their pre-petition contractual incentive claims was necessary, indeed critical, to the Debtor's continued retention of them post-petition as staff physicians.

**V.**

In light of the foregoing, and consistent with the Court's prior decision contained in the December 11, 2000 Order, the Post–Petition Transfers shall be, and thus are, avoided pursuant to § 549(a).

**VI.**

**IN SUMMARY,** (a) the Court has addressed, as set forth in detail above, the three issues raised on appeal by the Defendants, for which issues the instant adversary proceeding was remanded to this Court from the District Court (i.e., the Remand Arguments), (b) the Trustee prevails on all three of such issues, and (c) the Post–Petition Transfers shall be, and thus are, avoided pursuant to § 549(a) consistent with the Court's prior decision contained in the December 11, 2000 Order.